CASE 13—PETITION EQUITY—MAY 14.

## Fritschler, &c., v. Koehler, &c.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. FRAUDULENT CONVEYANCES—LIMITATION.—Where an action to set aside a conveyance as fraudulent is commenced more than five years after the time the conveyance was acknowledged and lodged for record, the plaintiff can avoid the plea of limitation only by pleading and showing that the alleged fraud was discovered within five years before the commencement of the action; and where the action is by an assignee, it not appearing when the debt was assigned, it is not sufficient for the plaintiff to allege that he did not discover the fraud within five years before the commencement of the action, since the *assignor* might have done so within that time and before the assignment of the debt.

2. THE CAUSE OF ACTION IS DEEMED TO HAVE ACCRUED at a time when, by the exercise of ordinary diligence, the discovery of the fraud ought to have been made; and the recording of the conveyance is a circumstance which it is proper to consider in determining when the discovery might have been made.

3. AFTER TEN YEARS FROM THE PERPETRATION OF THE FRAUD no action can be brought to set aside a conveyance as fraudulent, it matters not when the fraud was discovered.

NELSON & WASHINGTON FOR APPELLANTS.

Brief not in record.

JOHN S. DUCKER FOR APPELLEES.

1. The deed attacked in this case has all the badges of fraud. The consideration was inadequate, and was paid out of the wife's *general* estate, and not out of her *separate* estate. (Adams' Assee. v. Branch 3 Ky. Law Rep., 179; Adams' Ex'r v. Orear, 80 Ky., 134; Stokes & Son v. Coffey, &c., 8 Bush, 537; Fisher v. Shelver, 13 Rep., 95; Carpenter v. Tatro, 36 Wis., 297; Horton v. Dewey, 13 Rep., 224; Ferguson v. Hellman, 14 Rep., 383; Kaiser v. Waggoner, 14 Rep., 432.)

2. An action to set aside a conveyance as fraudulent may be brought at any time within five years after the *discovery* of the fraud, and where the conveyance is voluntary the mere recording of it is not notice to an antecedent creditor. (Ward v. Thomas, 5 Ky. Law Rep., 495.)

E. W. HAWKINS ON SAME SIDE.

1. The conveyance by the husband to the wife of *all* of his estate, when he was indebted, was fraudulent as to his creditors. (Adams' Assee. v. Branch, 3 Ky. Law Rep., 179; Fisher v. Shelver, 13 Rep., 95.)

2. As the fraud was first *discovered* within five years before the institution of the action, limitation is not a bar. (Adams' Assee. v. Branch, 3 Ky. Law Rep., 179; Ward v. Thomas, 5 Ky. Law Rep., 495.)

3. The record shows that the plaintiff obtained the note sued on before the fraudulent deeds were executed, and, therefore, it is not material when his assignor discovered the fraud.

4. The plea of limitation is not good, in that it does not state that the fraud was discovered more than five years before the commencement of the action.

BUTLER HAWKINS ON SAME SIDE IN PETITION FOR REHEARING.

1. The plaintiff's pleadings show that he was the owner of the note sued on at the time the fraudulent deeds were executed, and, therefore, it is immaterial as to when his assignor discovered the fraud. (Ward v. Thomas, 5 Ky. Law Rep., 495.)

2. The parties having gone to trial upon the issue as to whether the *plaintiff* discovered the fraud within five years before the action was commenced, and not whether his assignor made such discovery, they should at least be allowed to try the latter issue.

3. The plaintiff can not be required to prove that his assignor did not discover the fraud, as the law does not require impossibilities.

.JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

November 14, 1870, Mathias Fritschler, for the recited consideration of $2,000, conveyed to Henry Dornhoefer four parcels of land, and on the same day, for the same recited consideration, the latter conveyed the land to Barbara Fritschler, wife of the former.

September 28, 1880, appellee Koehler commenced an action in equity for the purpose of subjecting the real estate mentioned to the satisfaction of a judgment recovered by him against Mathias Fritschler in February, 1879, for $924, upon which an execution had been issued and returned no property found.

In his petition, he states that the foundation of the action in which he recovered the judgment was a note for money loaned to Mathias Fritschler in 1866, at which time the note was executed and delivered to the payee, who assigned and transferred it to appellee.

He farther says, that the deeds mentioned were made without consideration of any kind, and with the fraudulent intention on the part of appellants, Mathias and Barbara Fritschler and Dornhoefer, to defraud, hinder and delay the creditors of the first named; and, therefore, prays that the deeds be held void, and the real estate be subjected to the payment of his debt.

In their answer, appellants deny the deeds of November 14, 1870, were executed without consideration, or for the fraudulent purpose stated in the petition; and for farther defense plead and rely on the statutory bar of five years.

Appellee, in his reply, alleged that he resided outside the State of Kentucky, and was unacquainted with the records of Campbell county until two months prior to the commencement of the action, and did not previously discover the fraud charged in his petition.

To this reply appellants rejoined that appellee had notice of the conveyances mentioned, and sufficient knowledge of the facts to put him on inquiry more than five years before the commencement of the action, and could, by the exercise of ordinary diligence, have discovered all the facts and circumstances, and their effect, within six months next after the deeds were recorded. And in his surrejoinder appellee denied these allegations, thus making an issue as to whether appellee had notice of the execution of the deeds, or knew enough facts to put him on inquiry as to the character and effect of the conveyances, five years before the commencement of the action; or by the exercise of ordinary diligence might have discovered the facts in relation to the conveyances and their effect, within that time.

We do not deem it necessary to determine whether the conveyances made in 1870 were or not fraudulent, inasmuch as, in our opinion, the defense of limitation is sufficient to defeat the action.

The time fixed by section 2, article 3, chapter 71, General Statutes, within which an action for relief, on the ground of fraud, shall be commenced, is five years. But it is provided by section 7, same article, that "in actions for relief for fraud or mistake, or damages for either, the cause of action shall not

be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract, or the perpetration of the fraud.''

As has been held by this court, the statutory bar of five years was intended by the Legislature to apply to this class of cases; and where more than five years have elapsed from the time the conveyance is acknowledged and lodged for record when the action is commenced, it can only be avoided by pleading and showing the alleged fraud was discovered within five years; but no action can be brought after ten years from the perpetration of the fraud.

It is often difficult to determine at what time the discovery of the fraud has been made by a party seeking to set aside a conveyance alleged to be fraudulent, and more difficult for the defendant to negative the positive allegation of the plaintiff as to the time of the discovery, which is generally entirely within his own knowledge. This court has, therefore, held that the cause of action shall be deemed to have accrued, and the limitation to commence running at a time when, by the exercise of ordinary diligence, the discovery of the fraud ought to have been made; and while the recording of the conveyance may not be constructive notice to prior creditors, it is a circumstance which it is proper to consider in determining when the discovery might have been made.

The debt in this case was created in 1866, four years before the conveyances were made; but this action was not commenced until less than one month before the expiration of ten years from the recording of the

deeds. While this fact is not necessarily conclusive, it is persuasive that the cause of action did accrue more than five years before the commencement of the action. But it is not necessary to determine this issue of fact, for the plea of avoidance by appellee is not sufficient. When he discovered the alleged fraud, or when he might have done so by the exercise of ordinary diligence, is not the decisive or even a pertinent question. But the question is, when did the cause of action accrue? He states in his petition that the note on which he obtained judgment was assigned to him by the original payee, but when it was so assigned he does not state or show. It might, therefore, be true that he did not discover the fraud within five years before the commencement of the action, nor could have done so by the exercise of ordinary diligence; nevertheless, the cause of action might have accrued by reason of the discovery by his assignor of the alleged fraud before he assigned the note to appellee, and more than five years before the commencement of the action. It might be that the original payee, by his laches, was barred of his right of action, and yet have afterwards transferred the debt to appellee.

It seems to us it should have been alleged and shown that the cause of action did not accrue, by reason of the discovery of the fraud, within five years before the commencement of the action, and that the facts stated by appellee are not sufficient to avoid the statutory bar of five years; and the court erred in subjecting the real estate conveyed by the deeds of 1870 to appellees' debt.

The cross-action by John Dornhoefer was not com-
menced until more than ten years after the convey-
ances were made; and, besides, the judgment which
he seeks to have satisfied out of the property in
question is founded on a debt of Henry Dornhoefer,
one of the parties to the deeds of 1870, alleged to
have been fraudulent; and as he could not, if alive,
maintain an action to subject the property on the
ground of it having been fraudulently conveyed to
appellant Barbara Fritschler, neither can appellee
John Dornhoefer, who acquired the debt as his heir-
at-law, do so.

Wherefore, the judgment rendered in favor of
appellees, Koehler and Henry Dornhoefer, are both
reversed, and cause remanded with directions to dis-
miss the petition and cross-petition.