Brown, &c., v. Brown.

*CASE 115—PETITION EQUITY—FEBRUARY 21, 1889.

## Brown, &c., v. Brown.

APPEAL FROM MARION CIRCUIT COURT.

| 91 | 639 |
| 110 | 720 |

| 91 | 639 |
| f128 | 70 |

1. FRAUDULENT CONVEYANCES—LIMITATION.—To entitle a creditor to bring an action to set aside a conveyance as fraudulent after the lapse of five years from its execution, he must allege and prove that he discovered the fraud within five years next before bringing the suit, and that he could not, with the use of reasonable diligence, have discovered it sooner; and this is true, although the plaintiff did not obtain a return of " no property " until within five years before the institution of his suit.

2. A CREDITOR IS NOT CONFINED TO AN EQITABLE ACTION TO SET ASIDE A FRAUDULENT CONVEYANCE executed by the debtor. He may have an attachment at the commencement of his common law action, or may have an execution levied upon the property fraudulently conveyed.

HARRISON & BELDEN FOR APPELLANTS.

1. As the plaintiff had a remedy at law which is barred by limitation, a suit in equity on the same cause of action is also barred. (Wood on Limitation, 110; 6 B. M., 480; 17 B. M., 453; 7 Bush, 98; 7 Ky. Law Rep., 735.)

2. Plaintiff's debt was not an existing valid debt when the conveyance was made, and, therefore, although the conveyance was voluntary, he can not assail it.

3. The conveyance is valid on its face. (Hilliard on Real Estate, volume 2, page 337.)

RUSSELL & RUSSELL FOR APPELLEE.

No brief in record.

*This case was pending upon petition for modification of opinion at the time other cases decided at the January term, 1889, were reported, and for that reason it is now reported out of its regular order.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

There has been no brief filed for the appellee.

The appellant, M. F. Brown, on the 9th day of February, 1878, conveyed to his brother, the appellant, W. S. Brown, all his property, consisting of real estate lying in Marion county, Ky. The conveyance was by deed, which was duly recorded.

In February, 1882, the appellee obtained a judgment in the Marion Circuit Court against the appellant, M. F. Brown, for eleven hundred and five dollars. Said judgment was rendered on a liability that existed at the time, and for a long time before said conveyance was made. Execution was issued on the judgment, and returned no property found. On the 13th day of February, 1884, the appellee instituted this action in equity for the purpose of setting said conveyance aside, on the ground that it was made without any valuable consideration, and with the design to defraud W. F. Brown's creditors.

The action having been commenced more than six years after said conveyance had been made, the appellee relied, among other defenses, upon the statute of five years' limitation as a bar to the action. The appellee, in avoidance of this plea, relied upon the fact that her right to proceed by an equitable action to set the conveyance aside did not accrue until she obtained the return of *nulla bona*, which she obtained within five years next before bringing her action.

Article 3, section 2, chapter 71, General Statutes, provides: "An action for relief on the ground of fraud or mistake shall be commenced within five years next after the cause of action accrued." The sixth

section of the same article provides: "An action for relief for fraud or mistake shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the making of the contract or the perpetration of the fraud."

If the party who is injured by the fraud or mistake is apprised of it at the time it is perpetrated, he must bring his action within five years thereafter; but if he is not apprised of it at the time it is perpetrated, he must bring his action within five years after the discovery; but in no case can he bring his action after the lapse of ten years from the making of the contract or the perpetration of the fraud.

If more than five years have elapsed since the perpetration of the fraud or mistake, the plaintiff, in order to maintain his action, must allege and prove that he discovered the fraud or mistake within five years next before bringing the suit, and that he could not, with the use of reasonable diligence, have discovered it sooner. In the absence of these allegations it will be presumed that the plaintiff was apprised of the fraud or mistake at the time of its perpetration. Therefore, as the appellee failed to allege that she discovered the fraud complained of within five years next before the bringing of her action, it must be presumed that she was apprised of its perpetration at the time it occurred, and her right to set aside the conveyance is barred, unless it is saved by the fact that she did not obtain a return of *nulla bona* until within five years next before she instituted this action.

It seems to have been contended in the lower court, that as an equitable action to set aside the conveyance could only be maintained upon a return of *nulla bona*, the fact that such return was had within five years entitled the appellee to maintain her action, notwithstanding more than five years had elapsed before it was instituted. In other words, her cause of action upon the return of *nulla bona* first accrued, and the statute of five years' limitation was suspended until such return was obtained. If it be conceded, which it is not, that the property conveyed could only be reached by an equitable action, based upon a return of *nulla bona*, it does not follow as an unqualified proposition that the statute would be suspended until such return might be had; for if the plaintiff should delay to cause his execution to issue until the last day of the time allowed by law—fifteen years—it would not be contended that the statute of five years' limitation would be suspended all of that time. So, also, if the plaintiff, being cognizant of the fraud, should delay to cause his execution to issue for five years, his right to institute his equitable action upon a return of *nulla bona* would be barred. So the true rule seems to be that if the plaintiff desires to procure a return of *nulla bona* as a foundation for attacking a fraudulent conveyance, he must, if the fraud was known to him at the time of its perpetration, obtain his common law judgment and cause an execution to issue, and a return of *nulla bona* thereon, and commence his equitable action within five years from the time of the perpetration of the fraud. Also, he must go through with the same routine within five years

after the discovery of the fraud ; but in no case can the equitable action be commenced after ten years from the perpetration of the fraud.

·But the appellee was not confined to her equitable action in order to set said conveyance aside. She had a right to an attachment at the commencement of her common law action upon the same grounds that she relies upon to sustain her equitable action, and which would have authorized the setting of said conveyance aside, and the subjecting of said land to the payment of her debt. She was also entitled to an attachment upon the further ground that W. F. Brown had not property enough in this State subject to execution to pay the appellee's demand, and that the collection of her debt would be endangered by delay, &c. ; both of which grounds existed at the time she commenced her ordinary action. But it is said that an attachment is only an incident to the action, and, therefore, the plaintiff loses no right, in a case like this, by his failure to obtain the attachment. An equitable action on a return of *nulla bona* is only in aid of a common law action for the purpose of reaching farther than an execution can reach, thereby furnishing remedies that the execution can not furnish. So an attachment is allowed as an aid of the action, at the beginning of it, for the purpose of securing the plaintiff in his rights. in advance of either an execution or an equitable action on the return of the execution, indorsed no property found, which attachment, in its remedial capacity, reaches farther than the execution, and is nearly, if not quite, co-extensive with the remedial capacity of an equita-

ble action on a return of *nulla bona*. Also, it is the settled law of this State that, in a case like this, the plaintiff having obtained a common law judgment, may have his execution levied upon the property fraudulently conveyed. (Yankey v. Sweeney, &c., 85 Ky., 55.) So the appellee's remedy was ample to reach the property fraudulently conveyed, and as she delayed for more than five years, her right of action was barred.

The judgment of the lower court is reversed, and the cause is remanded, with directions to dismiss the appellee's action.

---

\* CASE 116—PETITION EQUITY—FEBRUARY 23, 1889.