Nave v. Price.

---

CASE 12—ACTION BY M. HARVEY NAVE AGAINST SAILIE E. PRICE TO RECOVER FOR A DEFICIENCY IN A TRACT OF LAND.

## Nave , v. Price.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

RECOVERY FOR DEFICIENCY—IMPLIED CONTRACT TO REFUND MONEY—LIMITATION OF ACTION—DELAY IN DISCOVERING MISTAKE—PLEADING.

Held: 1. A purchaser's right to relief on account of a deficit in the boundary conveyed being based on an implied promise to refund the money paid by mistake, his cause of action for the recovery of the overpayment does not accrue until the last of the purchase

price is paid, and limitation runs only .from that time, and not from the time the deed is made.

2. Under Kentucky Statutes, section 2515, providing that an action for relief for fraud or mistake shall be commenced within five years next after the cause of action accrued, and section 2519, providing that "the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud," an action by a purchaser to recover for a deficit in the boundary conveyed, brought almost ten years after the last of the purchase price was paid, is barred by limitations, though the mistake was discovered within a year before the action was brought, as plaintiff might, by the exercise of ordinary diligence in having a survey made, have discovered the mistake sooner.

3. The defendant, in pleading limitations to an action for relief on the ground of mistake, need not aver that the plaintiff might, by the exercise of ordinary diligence, have sooner discovered the mistake, when the facts alleged by the plaintiff in his petition affirmatively show that fact.

BREICKINRIIDGE & SHELBY for appellants.

1. The transaction—the mistake—in respect of which relief is sought in this action, and from which the ten year period of limitation must be computed, is the overpayment of purchase money made by appellant in 1887, and not the making of the deed in 1880.

2. An answer, therefore, which simply alleges that some other mistake as against which no relief is sought, to-wit, the mistake involved in the conveyance of 1880, was made more than ten years before, is not a good plea of limitation to the right asserted, because not responsive thereto. It is, consequently, bad upon demurrer and a reply to same was not needed.

3. The petition alleging the overpayment by mistake states *prima facie* a good cause of action because, although it shows that the mistake was made more than five years before suit, it does not show the non-existence of any ground of avoidance; *e. g.* infancy, other disability or the failure to discover the mistake notwithstanding due diligence.

4. Even it it were necessary that the plaintiff should have negatived by anticipation the applicability of a proper plea of limitation by showing sufficient grounds of avoidance, this has been amply done by the averments of the petition, which shows that the non-discovery of the mistake was not due to a want of proper diligence on plaintiff's part.

1. As to date from which limitation should be computed. Ky. Stats.,

Nave v. Price.

secs. 2515 and 2519; Crane v. Prather, 4 J. J. Marsh., 77; Biggs v.
L. & B. S. R. R. Co., 79 Ky., 475.

2. As to making the defense of limitation by demurrer. Chiles v.
Drake, 2 Met., 146; Rankin v. Turney, 2 Bush, 555; Board v. Jolly,
5 Bush, 86; Brandenburg v. McGuire, 19 Rep., 1598.

MORTON & DARNALL AND J. H. WELSH FOR APPELLEE.

1. The facts alleged in the petition are not sufficient to authorize the
relief prayed for.
2. The cause of action, attempted to be alleged in the petition, is bar-
red by the statute of limitation, and the plaintiff is not within
any of the exceptions, contained in the statute, which saved the
right to maintain such action.

### AUTHORITIES CITED.

Woods v. James, 87 Ky., 518.
Brown v. Brown, 91 Ky., 639.
Ellis v. Kelso, 18 B. M., 297.
Murray & Phillips v. Phillips, 81 Ky., 437.
Dorsey v. Phillips, 84 Ky., 426.
Woods v. James, 87 Ky., 511.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

In 1880 the appellee conveyed to the appellant a tract
of land by a deed of general warranty. For the purchase
money the appellant executed to the appellee his note.
The last payment for the purchase price was made Sep-
tember 10, 1887, and in 1896 the appellant discovered there
was a deficiency of nearly thirty -one acres in the boundary
conveyed. The amount overpaid, as alleged, is something
over $1,100. On April 17, 1897, the appellant instituted
this action to recover the sum overpaid and interest. The
question involved in this case is as to the application of
the statute of limitation. It is insisted by counsel for
appellant that limitation, under out statute, should be
computed from September 10, 1887, the date upon which
the last payment of the purchase money was made. For
the appellee it is claimed the statute of limitation began

to run the day the deed was made, which was in 1880.
Section 2515, Kentucky Statutes, read as follows: ". . .
An action for relief on the ground of fraud or mistake
. . . . shall be commenced within five years next after
the cause of action accrued." Section 2519, Kentucky
Statutes, reads as follows: "In actions for relief for fraud
or mistake, or damages for either, the cause of action
shall not be deemed to have accrued until the discovery of
the fraud or mistake; but no such action shall be brought
ten years after the time of making the contract or the
perpetration of the fraud." The General Assembly had
in mind that mistakes would occur, and that frauds would
be perpetrated in the making of contracts; but, knowing
that frauds might be perpetrated in a transaction not,
properly speaking, a contract, it was said that the action
should not be brought 10 years after the time of making
the contract or the perpetration of the fraud. In fixing
such date for the computation of the period of limitation,
the word "contract" and the phrase "the perpetration of
the fraud" were used in the statute as meaning the same
thing; the evident intention being to make the date on
which the contract was made or the fraudulent act done
the date from which to compute the period of limitation.
Of course, a contract was made between the parties on
the day the deed was executed. The deed recited that the
boundary of land contained a number of acres, and then
erroneously recited that it contained thirty-one acres more
than it actually contained, but the deed, however, did
not warrant that the boundary contained the quantity stat-
ed in the deed. When the vendee paid the purchase
money for thirty-one acres more than the boundary con-
tained, the law implied a contract upon the part of the
vendor to refund to the vendee the excessive amount thus

paid, which resulted from the mutual mistake of both par-
ties. This court in several cases has ruled that the right
·to relief for a deficit is based on an implied assumpsit
to refund the money paid by mistake. Crane v. Prather,
4 J. J. Marsh. 75; Dye v. Holland, 4 Bush, 635; Young v.
Craig, 2 Bibb, 270; Harrison v. Talbot, 2 Dana, 258. This
being the principle announced by this court, the cause of
action is not based upon a deed or contract of sale of the
land, nor for fraudulent representations made in
the deed nor to reform ·it, nor is the
action for a rescission of the contract of sale,
but it is based upon the implied contract to refund the
money which was paid as a result of the mutual mistake.
As the deed is not the foundation of the action, it will not
do to say that the statute of limitation began to run from
its date. On the contrary, it began to run from the date
the law implied· a contract, which was the moment the
payment was made, as the cause of action then accrued.
In the case of Biggs v. Railroad Co., 79 Ky. 475, the court
said: "This right of action is based upon the contract
which the law implies as the result of justice and reason
growing out of the mutual mistake of innocent parties,
and is barred by the lapse of five years from the discovery
of the mistake, if payment be made before that event.
. . . Payment and the discovery of the mistake must
concur before a recovery can be had. Under the rule that
at the instant the cause of action accrues limitation be-
gins to run, it starts on its course from the moment of pay-
ment, as the cause of action then accrues; but our statute
and adjudications restrain its operation upon the cause
until the mistake shall be discovered, if that occurs within
ten years after the contract." If the foundation of plain-
tiff's right is to be reimbursed the excessive amount paid,

it logically follows that the transaction of the payment
of that amount is the one from which the period of limi-
tation must be computed, not from one which antedated
that.   If the statute began to run when the deed was ex-
ecuted, then, if the vendee had failed to pay the purchase
money until the expiration of ten years, no relief could
be had for the mistake in paying more than was actually
due.   There would absolutely be no relief if the period of
the statute of limitation is to be thus computed.   Of
course, no cause of action can arise for relief against a
mistake in making an overpayment until such payment
was made.   It certainly would be illogical to hold that the
statute of limitation would begin to run before the pay-
ment of the purchase money, as the relief is not granted
upon a covenant in the deed, but upon a contract which the
law implies.

Counsel for appellee cites some cases of this court in
which it states that the time of the making of a contract
or the perpetration of the fraud is the date from which
the statute begins to run.   The case cited and the lan-
guage the court employs are as follows:   It was said in
Dorsey v. Phillips, 84 Ky. 426, 1 S. W. 669:   "This stat-
ute of ten years' limitation runs, not from the time of
the discovery of the fraud nor from the time the
right of action first accrued, but from the time of making
the contract or the perpetration of the fraud."   It was
said in Brown v. Brown, 91 Ky. 641, (11 S. W. 4):   "If the
party who is injured by the fraud or mistake is
apprised of it at the time it is perpetrated, he
must bring his action within five years thereafter; but,
if he is not apprised of it at the time it is perpetrated, he
must bring his action within five years after the discovery;
but in no case can he bring his action after the lapse of
ten years from the making of the contract or the perpetra-

tion of the fraud." It was said in Phillips v. Shipp, 81 Ky. 438: "The Legislature, knowing that great contentions would arise as to the time of discovery, when limitation should be pleaded, and that old and stale transactions, deemed fraudulent or the result of mistake, might, therefore, vex the courts long after the facts are presumed to have passed out of memory, or beyond the ability of the parties to establish or explain them, prescribed a period within which discovery and the institution of the action should both occur. The language used for this purpose is plain, direct, and forcible. It is this: 'But no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud.'" There was no question before the court in any of these cases as to when the statute of limitation would begin to run in a case like the one under consideration. When we determine the action is based on the contract which the law raises, it necessarily follows that the period of limitation is computed from the date of that contract, and the principle announced in those cases supports the application we make of the statute of limitation in this case. In construing the statute of limitation here involved, this court has held that the action shall not be deemed to have accrued until the discovery of the mistake, or until, by the exercise of due diligence, it should have been discovered; and that the action for relief must be brought within five years from that time, and in no case after the lapse of ten years from the making of the contract. So the action should have been instituted within five years next after the vendee, by the exercise of due diligence, could have discovered the mistake. We concede the general rule to be that the defense of limitation can not be raised by demurrer to the petition, but must be specially pleaded, the

only exception being when the petition shows a sufficient lapse of time and the nonexistence of any ground of avoidance of the bar. In this case the plaintiff, in his petition, seemed to have assumed that it was necessary to negative the possible plea of limitation by showing the exercise of proper diligence; therefore, as an excuse for not sooner making the discovery of the mistake, it is averred in the petition that "the land included in said boundary was all of one inclosure, and of an irregular shape, so that it was impossible to estimate the amount therein contained without actual survey and calculation; and that before and at the time of the making of said deed and of the acceptance thereof by the plaintiff and at the time of the last payment made upon the purchase money therefor, as aforesaid, and up to the ——' day of December, 1896, both the plaintiff and the defendant in good faith believed that the said boundary did contain the amount of land stated in said deed, to wit, one hundred and forty-nine acres, three roods, and twenty poles. Plaintiff says, however, that on or about the —— day of December, 1896, he ascertained by an accurate survey and calculation, and now alleges, that said boundary, instead of containing the said amount of land, contained only one hundred and eighteen acres, one rood, and twenty-eight square poles; making a deficit of thirty-one acres, one rood, and thirty-two square poles." Plaintiff averred that he had not made the discovery until a certain time, and gives the reason for not having made it. The very reason which he gives shows that he did not use due diligence to ascertain the quantity of land the boundary contained. If it was in an irregular shape, then it was that much more difficult to tell the quantity it contained; therefore the greater was the reason that he should have had a survey made of it at an earlier date,

with the view of ascertaining the quantity which the boundary contained. The defendant pleaded the statute of limitation, but he did not aver that the plaintiff had not used due diligence to discover the mistake sooner than was done. It was unnecessary for him to aver that fact, in view of the allegations of the petition. The plaintiff anticipated the plea of the statute of limitation, and tried to show that the failure to discover the mistake was not the result of the lack of diligence. We are of the opinion that the court properly overruled the demurrer to the answer, and, the plaintiff failing to plead further, his petition should have been dismissed. The judgment is affirmed.

Petition for rehearing filed by appellant and overruled.