CASE 84—SUIT BY MARY S. HAMMOND AGAINST LAWRENCE HUGHES FOR SPECIFIC PERFORMANCE OF A CONTRACT FOR THE SALE OF LAND.—February 15, 1910.

## Hughes v. Hammond

Appeal from Henry Circuit Court.

CHARLES MARSHALL, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1.  Deeds—Estate Conveyed—Habendum—Limitation.—Plaintiff's father and mother executed a deed to her to the land in controversy; the granting clause conveying to her, for her own use, free from all marital rights of her present or any future husband, and the habendum clause to "her and her heirs and assigns," forever, with covenant of general warranty, and, if she died without bodily heirs, said land to revert to the heirs of the grantors. Held, that such limitation was in conflict with the granting clause, and was therefore nugatory, under the rule that the granting clause must prevail over the habendum, unless a contrary intention is shown by the deed, and that plaintiff took the fee.

2.  Deeds—Construction—Power of Sale.—Where the granting clause of a deed conveyed the land to the grantee in fee, and the habendum was to the grantee "and her heirs and assigns, forever," with covenant of warranty, and contained a further provision that, if the grantee died without bodily heirs, the land was to revert to the heirs of the grantors, the grantee had full power to convey the fee, without reference to the validity or invalidity of the limitation; such

Hughes v. Hammond.

clause being effective, if at all, only to transfer the interest of the grantor's heirs to the proceeds of the sale in case the grantor died without leaving children.

W. O. JACKSON for appellant.

TURNER & TURNER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN— Affirming.

Appellant purchased from appellee 42 and a fraction acres of land at the price of $100 an acre, and agreed to make the first payment upon a day named upon the tender of a deed by appellee conveying to him a good title of general warranty. Appellee tendered him a deed upon the day agreed upon and demanded the first payment which appellant declined to make upon the ground that the deed did not convey to him a good title, and appellee then instituted this action to compel him to perform his part of the contract which was in writing. Appellant answered the petition and set forth the conveyance from appellee's father and mother to her for the land, which he claimed conveyed to her the fee, subject to be defeated by her dying without children. He also alleged that appellee's husband died after the conveyance from her mother and father to her, and that she now has two children who reside with her. A demurrer was sustained to this answer, and it was adjudged by the lower court that appellant accept the deed and make the payments as per the contract.

The conveyance executed by appellee's father and mother to her is as follows: "This indenture, made this 14th day of April, 1891, between I. M. Johnston and Annie Johnston, his wife, of the first part, Mary

S. Hammond, his daughter, of the second part, both of the county of Henry and state of Kentucky, witnesseth that for the consideration of one dollar in hand paid the receipt of which is hereby acknowledged, and for the further consideration of love and affection, and for the still further consideration of $2,000, to be taken from the interest that the party of the second part in the estate of the party of the first part at his death, the party of the first part hereby, conveys to the party of the second part, for own use, free from all marital rights of her present or any future husband she may have, a certain tract of land lying in Henry County, Ky., described as follows: (Here follows description.) To have and to hold said land to the party of the second part, her heirs and assigns, forever, with covenant of general warranty. If the party of the second part dies without bodily heirs, the said land is to go back to the heirs of the first party.''

The question to be determined is: What kind of a title did appellee receive under this conveyance? Appellee contends, and the lower court so adjudged, that it gave her a fee-simple title, but appellant insists that it does not. It is and should be the object of the court in all cases where a deed or will is to be construed, to arrive at the intention of the parties to the conveyance and the testator. It will be observed that the only person named as the second party in the caption, granting and habendum clauses in the deed, is appellee, except the habendum clause closes as follows: ''If the party of the second part dies without bodily heirs, said land is to go back to the heirs of the first party.'' And it was these words that produced the doubt in appellant's mind as

to the ability of appellee to covey him a good title. It has been established as a general rule that the granting clause in a deed controls, and if there is anything in the habendum clause that conflicts with it that part of the habendum clause must give way. As stated, appellee is the only person named as grantee in the caption of the deed; and the granting clause conveyed it to her without any restrictions, and by the habendum clause the land is conveyed to "her and her heirs and assigns, forever, with covenant of general warranty." This, undoubtedly, gave her the fee-simple title to the land, and the last words of the habendum clause, above quoted, are simply an attempt to limit her estate.

In the case of Ray v. Spears' Exor., etc., 64 S. W. 413, 23 Ky. Law Rep. 814, this court, in construing a conveyance very similar to the one at bar, said: "It is well settled that the granting clause in a deed must prevail over the habendum, unless a contrary intention is shown by the deed. In this case both the granting and habendum clauses of the deed convey the fee forever, in as strong language as could be used, and after certain other property is conveyed, the addition to or condition is added, which, it is claimed, is a limitation, or which converts the title into a defeasible fee. It seems to us that the attempt to so limit the absolute grant is null and void, because utterly inconsistent with both the granting and habendum clauses of the conveyance."

Under the deed from appellee's father and mother, she was clearly given the right and power to convey this land, for it was recited in the conveyance that she was "to have and to hold said land to the party of the second part, her heirs and assigns, for ever," which delegated to her the power to convey. There-

fore, if we are mistaken with reference to the last clause of the habendum being rendered nugatory by the granting clause, her conveyance to appellant would pass the title by reason of this expressed power authorizing her to convey embodied in the conveyance. This court also said, in the case before cited, that "even if this conclusion is not tenable, and if any effect must be given at all to the conditions in question, it is clear that the grantor intended to invest the grantee with the power to sell and convey the land, and, if he did so, its proceeds in the contingency provided for should vest in the grantor or his heirs, and, this being true, the grantee thereby became invested with fee, and with full power to convey a fee-simple title."

If the clause referred to is not invalid by reason of its conflict with the granting clause, still appellee, in our opinion, under the conveyance, has the right and power to convey a good and perfect title, and the heirs of appellee's father and mother must look to the proceeds derived from the sale of the land by appellee, and see that it reverts to them instead of the 42 and a fraction acres of land, in case appellee dies without leaving children. This construction is clearly authorized by the terms of the conveyance. See, also, the case of Clay, etc., v. Chenault, etc., 108 Ky. 77, 55 S. W. 729, 21 Ky. Law Rep. 1485, and the many authorities therein cited.

For these reasons, the judgment of the lower court is affirmed.