## Gragg v. Levi, et al.

(Decided February 4, 1919.)

### Appeal from Harrison Circuit Court.

1. Limitation of Actions—Action to Recover Money Paid by Mistake.—An action to recover money paid through mistake, must be commenced within five years next after the cause of action accrues; and the cause of action shall not be deemed to have accrued until the discovery of mistake, or until it could, by the exercise of reasonable diligence, have been discovered; nevertheless no such action shall be brought ten years after the making of the mistake.

2. Limitation of Actions—Mistake.—The duty is upon the complainant to exercise reasonable diligence to discover the mistake, and if he fails to do so, an action by him will not lie after the expiration of the five year period.

3. Limitation of Actions—Mistake.—If a plaintiff allow the five year period to elapse before commencing his action, and thereafter attempts to rely upon the discovery of the mistake within five years next before the commencement of his action, it is incumbent upon him to both allege and prove, if denied, that the mistake was not only discovered within the five years next before the institution of the action, but that the mistake could not have been sooner discovered by him by the exercise of reasonable diligence on his part.

4. Limitation of Actions—Mistake.—Although it be alleged by plaintiff that the mistake was first discovered within five years next before the commencement of the action, and that it could not have been sooner discovered by him by the use of reasonable diligence, yet his action will be dismissed if he fails to establish both of said allegations by proof, if they be denied.

5. Limitation of Actions—Mistake.—The presumption will be indulged, in the absence of a showing to the contrary, that the mistake was discovered by the party against whom it was made immediately following its occurrence.

C. M. JEWETT for appellant.

HANSON PETERSON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In 1908 Gragg sold Levi a tract of land supposed to contain 98 acres at $90.00 per acre, with the agreement that the boundary should be surveyed by a named surveyor and acreage ascertained. The surveyor reported that the boundary contained 104-80/100 acres, and Levi paid Gragg $90 per acre, for that number of acres, and immediately took possession of the tract. In 1915 Levi died the owner of the tract, and appellees, his sons, having sold the land in 1916, caused it to be surveyed, and found that it contained only 98 acres, a deficit of approximately six acres. Gragg refused to refund the purchase price paid in excess of that due, and Levi's executors brought this action to recover $612.00 and interest, being the amount paid in excess of the total purchase price at $90.00 per acre. The petition, as amended, alleged the purchase, acreage and price per acre, amount paid and deficiency in acreage, and further that the mistake in acreage, made by the surveyor in calculating was not discovered by appellees, or their predecessor, until within five years before the commencement of the action, and said mistake could not, by the exercise of reasonable diligence, have been sooner discovered. The allegation of mistake, its discovery within five years, and that it could not have been sooner discovered, is traversed by the answer. By a second paragraph of the answer it is affirmatively alleged that the mistake in acreage, if any, was discovered by plaintiffs and their predecessor in title more than five years before the commencement of the action; but if not so discovered could have been discovered, by the exercise of reasonable diligence, more than five years before the action was instituted, and express reliance was placed upon the five year statute of limitation. No reply was filed. Judgment was entered below for Levi's executors, and Gragg appeals.

Obviously, it is a question of the proper application of the statute of limitation, and the law of diligence. An action to recover money paid through mistake must be commenced within five years next after the cause of action accrued. Section 2515 Kentucky Statutes. But the cause of action shall not be deemed to have accrued until the discovery of the mistake; nevertheless no such action shall be brought ten years after the making of the mistake. Section 2519 Kentucky Statutes.

Construing these two sections together, this court has held that a plaintiff has an absolute right to begin his action within the five year period, but if he allows the five year period to elapse before commencing his action, it is incumbent upon him to both allege and prove, if denied, that the mistake was not only discovered for the first time within the five years next before the institution of the action, but that the mistake could not have been sooner discovered by the exercise of reasonable diligence on his part. Wood v. James, 87 Ky. 511; Cotton v. Brown, 9 K. L. R. 115; Cavanaugh v. Britt, 90 Ky. 273; Lex. & O. Ry. Co. v. Bridges, 7 B. M. 556; Provident Savings Life Co. v. Withers, 132 Ky. 541; Nave v. Price, 108 Ky. 105; Edwin v. Moore, 2 N. M. 65; Grundy v. Grundy, 12 B. M. 51; Yeager, Admr. v. Bank, 125 Ky. 183; Childers v. Bales, 124 S. W. 94; Exchange Bank v. Trimble, 108 Ky. 230; Green v. Salman, 23 K. L. R. 517; Rowe v. Horton, 65 Texas, 93; Smith v. Fly, 24 Texas, 345; Fritschler v. Korhler, 83 Ky. 78; Baker v. Begley, 155 Ky. 236; City of Louisville v. O'Donaghue, 157 Ky. 245; Zackay's Admr. v. Hicks, 7 K. L. R. 756.

The necessary allegations were sufficiently made by plaintiffs in their petition in this case, but said allegations were denied by defendant in his answer. The burden of proof was thereby cast on the plaintiffs, and they did not sustain it by evidence. As said in Woods v. James, *supra*: "If the plaintiff has let the five years in which he has the absolute right to bring his action pass, and undertakes to bring and maintain it afterwards, upon the ground that he has discovered the fraud within five years last past, he must allege and prove, if denied, not only that he discovered the fraud within the last five years, but that he could not, with the use of ordinary diligence, have discovered the fraud until within the five years before the action was commenced, . . . it is not alleged that the appellees, by the use of ordinary diligence, could not have discovered the fraud within five years from the making of said deed. The only evidence in reference to the discovery of the fraud is that . . . they discovered the fraud within five years next before bringing their action. They state no fact or circumstance indicating that they could not, by the use of ordinary diligence, have discovered the fraud within five years from the making of the deed.

Therefore, the proof was not sufficient to sustain the action."

The evidence in the case at bar is presented by an agreed statement of facts. On the controverted point the evidence is as follows: "The plaintiffs (Levis) who are sons of the decedent, were appointed executors under the will of said R. J. Levi, and as such they sold the said tract of land in February, 1916, and between that time and March 1st, 1916, the executors caused a re-survey of said land, and found that the said tract contained only 98 acres, and that the same is correct . . . that immediately after discovering said shortage, to-wit, on the — day of ————, 1916, the executors gave notice to Edgar Gragg that the said tracts contained only 98 acres and demanded of him a refunding of $612.00, which payment he refused to make, and thereafter on the 22nd day of June, 1916, a petition in equity was filed in the Harrison circuit court which is the action pending herein."

This evidence shows when the executors of Levi found the deficiency in acreage, whether for the first time or not, but it does not prove that Levi, the purchaser, did not know of the mistake all the time. So far as the agreed statement of facts shows R. J. Levi, the purchaser, knew of the mistake—shortage of acreage—every day after the execution of the deed in 1908, up until his death, in 1915, more than seven years; it may also be presumed that appellees, executors of the estate of their father, had such information of the mistake five years or more before the commencement of the action, as would have put prudent persons upon inquiry, and brought about a discovery. While appellees in 1916, "found that the said tract contained only 98 acres," this may not have been the first time they so found the shortage, or it may be, so far as the proof shows, that appellees found the acreage a little more or a little less than 98 acres; this evidence is not inconsistent with the claim of appellant that appellees' ancestor acquiesced in the mistake from the beginning. In the absence of an allegation and proof to the contrary, the presumption will be indulged that the mistake was discovered by the party asserting it immediately following its happening. The burden of proof was upon plaintiffs below, and the five year period having elapsed it was incumbent upon them to establish

by evidence that the mistake was not discovered, and could not have been discovered by the exercise of reasonable diligence, until within five years before the action was commenced, and failing so to do their cause fails. Statutes of limitation are statutes of repose. Courts lend their aid to the vigilant, not to the slothful. One must act while the evidence covering the transaction is fresh and may ·be produced. Here one of the parties is dead, hence important evidence is hushed. There could be no better illustration of the reason for the rule and statute, than furnished by the facts of this case. If a plaintiff allows the statutory period of five years to elapse before he begins his action for mistake, he will be denied the right to maintain it, unless he allege and prove, if denied, a legal or equitable excuse for such delay; but in no event shall the time allowed exceed ten years from the making of the mistake.

Appellees insist that there is no bill of exceptions, and, therefore, nothing for this court to consider on this appeal except the sufficiency of the pleadings to support the judgment. The force of this insistence is destroyed by the fact that the pleadings, orders, exhibits, statement of facts, judgment, motion and grounds for new trial and order thereon, and order noting and filing the bill of exceptions, are properly and duly certified by the presiding judge.

As the allegations of appellees' petition, which were denied, were unsupported by evidence in material parts, the judgment must be reversed with directions to dismiss the petition.

Judgment reversed. Whole court sitting.