## Dyer, Guardian, et al. v. Higgins, et al.

(Decided February 15, 1924.)

### Appeal from Magoffin Circuit Court.

1. Partition—Evidence Held to Show Partition was Fair and Equitable.—In an action to set aside partition deed, evidence held to show that division was fair and equitable and not fraudulent.

2. Limitation of Actions—Plaintiffs Must Show Fraud Could Not have been Discovered.—In an action to cancel a partition deed for fraud, where defendant pleaded in bar the five-year statute of limitations (Ky. Stats., section 2515), and plaintiff in avoidance alleged that she did not discover and could not have discovered the fraud until within five years next before the filing of the action, the burden was upon plaintiff to show that the fraud could not have been discovered within five years.

McGUIRE & McGUIRE for appellants.

CALLOWAY HOWARD and A. F. BYRD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Frank Arnett died, testate, about 1885, the owner and in possession of a large tract of land. He was survived by a widow and two daughters, Lula and Vernie,

who continued to reside together upon the land until in January, 1911, although in the meantime the widow and Vernie had each married and had children.

In 1906 Vernie and her husband purchased the widow's dower interest in the land, and in the latter part of 1910 Lula requested a division. Accordingly, Lula and Vernie selected their three uncles to make the division, agreed upon $250.00 as the value of their mother's dower purchased by Vernie, and directed their uncles to allow her same in the division. The uncles went upon the land January 1st, 1911, and, without surveying the boundary, ran a division line through it and allotted the land on one side to Lula and on the other side to Vernie. Both parties expressed satisfaction with the division, and a few days later executed a joint deed of partition in accordance therewith, since which time each has possessed and controlled the tract thus allotted and conveyed to her.

In 1915, Lula married Bolden G. Dyer, and in 1917 she instituted this action against Vernie and her husband, Leslie Higgins, seeking to avoid the agreed division and deed of partition upon the ground of fraud, and to have the land divided and to recover of Vernie and her husband $9,000.00 for rent and alleged waste prior to the division.

Defendants traversed the allegations of fraud, and plead in bar of action thereon the five-year statute of limitation (section 2515, Kentucky Statutes). In avoidance of the plea of limitation, plaintiff alleged that she did not discover, and could not have discovered the fraud until within five years next before the filing of the action, which if true would extend the period of limitation, but not beyond ten years under section 2519, Kentucky Statutes. This plea was traversed by the defendants.

During the pendency of the action in the lower court, Mrs. Dyer died, and the action was revived in the name of her husband and children, who have prosecuted this appeal from the judgment dismissing the petition.

Counsel for appellants concede there is no proof of fraud, except as it may be inferred from their proof that the tract allotted to Vernie contains 333 acres while the tract allotted to Lula contains but 103 acres, and that the former is worth about three times as much as the latter. But they insist that, because the parties were sisters and Lula a cripple, and the division was made by

their uncles, such a relationship of confidence existed as shifted the burden to appellees to prove the whole transaction was not only free of fraud but fair and equitable.

Conceding for the sake of the argument but not deciding that that doctrine is applicable here, we are of the opinion that the decided weight of the evidence is that the division when made was entirely free of fraud and fair and equitable.

Appellants' proof of the comparative value of the two tracts is directed to the time when the proof was taken, and their witnesses do not profess to know the value of the land or the tracts into which it was divided when the division was made. The three uncles who made the division, as well as the mother of the two girls, testify that at the time the division was made it was fair and equitable, taking into consideration the fact that Vernie was entitled to have the value of her mother's dower set apart to her. Lula got a little more and the best of the bottom land, and the only evidence of the value of the mountain land at the time the division was made—of which there is but little—indicates it was of but slight value.

But even if we are mistaken in our appraisal of the evidence on the question of fraud, the judgment still would have to be affirmed, since appellants wholly failed to prove that same could not have been discovered within five years thereafter.

Mrs. Dyer did not testify, and there is no competent evidence in the record that she did not know that much more of the hill land was allotted to her sister than to her as well as the value of the two tracts, unless it is to be inferred, as counsel for appellants insist it must, from the fact that Mrs. Dyer had been a cripple from her infancy and unable to get about much. It is admitted, however, that she was sound mentally. She had lived upon the land all her life, and was 28 years of age when the division was made and the deed of partition executed. She could, at any time during this period, have ascertained by a survey and inspection of the two tracts not only the exact quantity of land in each, but the value of same, and while she could not have done this personally even if she had not been crippled, she could have had it done as well within the five-year period next after the

division as when she did do it after the expiration of that period.

We held in Nave v. Price, 108 Ky. 105, 55 S. W. 882, that the grantee in a deed, by the exercise of ordinary diligence in having a survey made, would have discovered a mistake in the acreage within the five-year limitation period, and that his action to correct the mistake, not having been filed within that period, was barred although the mistake was not actually discovered until later. As fraud and mistake are treated together and in the same way in both sections 2515 and 2519 of the statutes, it results that upon authority of the above case, which obviously is sound, this action was barred.

Wherefore the judgment is affirmed.