# Forman v. Gault et al.

(Decided November 25, 1930.)

CHARLES L. DALY for appellant.

B. S! GRANNIS and M. J. HENNESSEY for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The sole question presented by these two appeals is whether Ernest C. Forman has title to a tract of land.

R. F. Gault, a widower with five children, married Lillian Forman, a widow with one child. Shortly after the marriage, Gault and his wife made separate conveyances of land to each of Gault's five children. A little later Gault conveyed to his wife "for and during her natural life" a farm containing 111.93 acres. He reserved unto himself a life estate in the land, but did not then dispose of the remainder estate. About five years later, a child was born to them, and Mr. Gault executed and caused to be recorded a deed conveying to the infant the remainder estate in the same farm. The deed provided that if the infant grantee should die without leaving any child or children, then the estate conveyed should go to the heirs at law of the grantor. The child died before reaching maturity, and Mr. Gault died in 1911. The widow then occupied the land as life tenant until her death in 1929. Her son, Ernest C. Forman, had been living with her and continued in possession of the farm. He was notified on March 1, 1930, to surrender the premises, and on March 3d, he instituted an action against Gault's heirs to quiet his title to the land. The petition was dismissed on demurrer, and Forman appeals.

On March 11, 1930, Gault's heirs filed a suit against Forman to recover possession of the farm and damages for its detention. Forman sought to abate the last action on the ground that the same issues were involved in a pending suit between the same parties.

In a reply to the plea of abatement, the entire record in the suit first filed was exhibited, and the court disposed of the cases at the same time.

The only additional fact brought into the record by the second suit was the will of Lillian Gault. It gave Ernest C. Forman a dollar, made a number of bequests, and "the rest of my estate (shall) be divided three, J. M. Collins, Mrs. Connie C. Watson, and Elizabeth Hanney, share and share alike." It further provided for the survivor or survivors of the three residuary legatees to take the entire residuum. The judgment in the second case was in favor of Gault's heirs and awarded them a writ of possession. Forman has also prosecuted an appeal from that judgment.

The claims of Forman are somewhat difficult to ascertain, but, as we understand his several positions, they are:

(1) That his mother acquired title to the farm by adverse possession, died intestate as to the land, which then descended to him as her sole heir at law.

(2) That the reversionary clause in the deed to the infant child was void, and, upon her death subsequent to the death of her father, the land went to her mother as her sole surviving parent, and that the death of his mother cast the title upon the appellant.

(3) That a fraud was perpetrated upon his mother in 1903 whereby a deed conveying only a life estate was substituted for a deed in fee which Gault agreed to give her.

1. The petition in the first case alleges that "for more than fifteen years preceding her death Lillian F. Gault was in the actual possession" of the land, holding it adversely to the heirs of Gault under a claim of ownership. A fatal defect in the claim of adverse possession is the fact that the pleading shows an entry by Mrs. Gault under a deed conveying merely a life estate, and it fails to allege that she ever repudiated the deed, or renounced the title conveyed to her, or that actual or constructive notice was ever given to the remaindermen that she was holding adversely to them. In order that a life tenant may maintain a claim of adverse possession against the remaindermen, it is essential that the life estate be renounced and notice brought home to the owners of the remainder estate that their property is being held and claimed adversely, and not as life tenant. Elkhorn Land & Improvement Co. v. Wallace, 232 Ky. 741, 24 S. W. (2d) 560; May v. C. & O. Ry. Co., 184 Ky. 493, 212 S. W. 131; Hargis v. Flesher Petroleum Co., 231 Ky. 442, 21 S. W. (2d) 818.

2. The attack upon the deed of the infant is that the reversionary clause was void as a limitation upon a fee already granted. Ray v. Spears, 64 S. W. 413, 23 Ky. Law Rep. 814; Hughes v. Hammond, 136 Ky. 694, 125 S. W. 144, 26 L. R. A. (N. S.) 808; Land v. Land, 172 Ky. 145, 189 S. W. 1.

Proceeding upon the assumption that the reservation was void, and that the infant took a fee, it is then said that the mother of the infant inherited the land. We need not decide whether the premise of the argument is

sound, for, even if it should be sustained, it would not follow that the mother inherited the land given to the infant by the father. On the contrary, the statute provides that, when an infant dies without issue, having title to real estate derived by gift, devise, or descent from one of his parents, it shall pass to that parent and his or her kindred, to the exclusion of the other parent, provided the next of kin is not more remote than grandparents. Ky. Stats., sec. 1401; Power v. Daugherty, 83 Ky. 187; Gaddie v. Hogan, 181 Ky. 714, 205 S. W. 781; Pulliam v. Parris, 187 Ky. 844, 220 S. W. 1075.

The contention that the deed to the infant was void because the land was in the adverse possession of her mother (section 210, Ky. Stats.; Begley v. Erasmie, 205 Ky. 240, 265 S. W. 833; Altemus v. Nickell, 115 Ky. 506, 74 S. W. 221, 24 Ky. Law Rep. 2401, 103 Am. St. Rep. 333) is unsound, because the deed conveyed merely the remainder estate, and the grantor was then in possession of the land as owner of a life estate reserved to himself.

But the provision of the deed to the infant that, in the event the grantee died without leaving a child, the remainder estate would revert to grantor's heirs, was not invalid. King v. Wurts, 227 Ky. 705, 13 S. W. (2d) 1043.

The appellant encounters a still further obstacle to a realization of his hopes in the will of his mother. It devised the residue of her property to others, and, if his mother had been the owner of the land, it would have passed to the residuary devisees under her will. The petition alleges that the mother died intestate as to her real estate, but the will was produced for consideration by the court in connection with the plaintiff's claim, and it clearly contradicts the allegation of partial intestacy, even if that allegation be deemed adequate. The provisions of the will must control against a contrary averment respecting its terms. Kalfus v. Davie, 164 Ky. 390, 175 S. W. 652; Wash v. Noel, 160 Ky. 847, 170 S. W. 197; Kaze v. Wheat, 223 Ky. 723, 4 S. W. (2d) 723.

3. The plaintiff seeks to escape from the consequences of the deed to his mother which conveyed merely a life estate by allegations of a fraud perpetrated upon her more than ten years before the suit was filed. If plaintiff alleged facts sufficient to show that his mother took a fee in the farm, he would not make out a case for himself, since her will devised her estate to others. But

his allegations respecting fraud were insufficient in any event to warrant relief. Moreover, an action for relief from fraud, commenced more than ten years from the consummation of the alleged fraud, may not be maintained. A demurrer to the petition necessarily raises the question, since the petition omits essential allegations.

Although limitations generally must be pleaded and may not be raised by demurrer (Baker v. Begley, 155 Ky. 234, 159 S. W. 691; Rowe v. Blair, 221 Ky. 685, 299 S. W. 571), the rule respecting an action for relief from fraud brought more than five years after the fraud was perpetrated is that the plaintiff must allege facts to excuse the delay or he fails to state a cause of action (Gragg v. Levi, 183 Ky. 182, 208 S. W. 813; Brown v. Brown, 91 Ky. 639, 11 S. W. 4, 12 Ky. Law Rep. 280; Woods v. James, 87 Ky. 511, 9 S. W. 513, 10 Ky. Law Rep. 531; Fritschler v. Koehler, 83 Ky. 78; Dorsey v. Phillips, 84 Ky. 420, 1 S. W. 667, 8 Ky. Law Rep. 405; Graham v. English, 169 Ky. 375, 169 S. W. 836; French v. Bowling, 85 S. W. 1182, 27 Ky. Law Rep. 639; Low v. Ramsey, 135 Ky. 333, 122 S. W. 167, 135 Am. St. Rep. 459; Stillwell v. Leavy, 84 Ky. 379, 1 S. W. 590, 8 Ky. Law Rep. 321).

In any view of the record, it is apparent that appellant has no rightful claim to ownership of the land, and the circuit court properly disposed of both cases.

The judgment in each case is affirmed.