CASE 26—PETITION EQUITY—JUNE 18.

# Power v. Dougherty.

APPEAL FROM BATH CIRCUIT COURT.

IF AN INFANT DIES WITHOUT ISSUE, having title to real estate derived from one of his parents, the whole descends to the kindred of that parent, provided such kindred are not more remote than the grandfather, grandmother, uncles and aunts of the infant; and in determining how the estate shall pass, as between the kindred of the parent from whom the title was derived, it is not material how or from whom the parent obtained the title.

In this case the infant's estate having been inherited from his mother, it is held that upon his death without issue it passed to his maternal *grandfather* and not to his maternal *uncles and aunts*, although his mother obtained the estate through her mother and not through her father.

R. GUDGELL & SON FOR APPELLANT.

Upon the death of the infant without issue the estate derived by him from his mother passed to her kindred, without regard to how she had obtained title. Therefore, his uncles and aunts on the mother's side are to be preferred to his grandfather on the same side. (General Statutes, chapter 31, section 9, page 371; Vice v. Vice, &c., MS. Op., November 8, 1881; Driskill v. Hanks, &c., 18 B. Mon., 862; Talbott's Heirs v. Talbott's Heirs, 17 B. Mon., 9.)

V. B. YOUNG FOR APPELLEE.

The infant's estate descended to his grandfather on the mother's side in preference to his uncles and aunts on the same side. (General Statutes, chapter 31, sections 1, 9.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The will of Ambrose Jones, of Bath county, de-vised his land to his widow for life, and the remain-der to be equally divided between his four surviving children and the children of a deceased daughter. One of the children of the deceased daughter mar-ried Jerry Power, and died, leaving one child. The child died in infancy, and the question arises as to the manner of descent from the infant to its kin-dred. The infant had neither brother nor sister, but uncles and aunts on the mother's side, and also a grandfather on the mother's side. The court below held that the land passed to the grandfather.

The statute provides: "If an infant dies without issue having title to real estate derived by gift, de-vise or descent from one of his parents, the whole shall descend to that parent and his or her kindred, as hereinbefore directed, if there is any; and if none, then in like manner to the other parent, and his or her kindred; but the kindred of one shall not be so excluded by the kindred of the other parent, if the latter is more remote than the grandfather, grand-mother, uncles and aunts of the intestate, and their descendants." (General Statutes, chapter 31, sec-tion 9.)

By this express provision of the statute, the child dying under age and having derived title to the land from the mother, the estate passes to the kin-dred on the mother's side, and the maternal grand-father, surviving the infant, inherited the estate. The maternal kindred of the child took the estate, and not those who were the next of kin to its great-

grandfather, the devisor from whom the mother derived the estate. It is not a question as to how or from whom the mother of the infant obtained the title. If the mother was invested with such an estate in the realty, as passed from her at her death to her child, and the child dies in infancy, the realty passes to its kindred on the mother's side, if not more remote than the grandfather, grandmother, uncles and aunts.

The judgment of the court below being in accordance with this view of the question presented, must be affirmed.