CASE 91—ACTION OF JOHN G. WEISIGER AND OTHERS AGAINST MARY A. McDONALD AND OTHERS, TO RECOVER THE ESTATE OF THEIR DECEASED NIECE, LUCILE WEISIGER.—Nov. 24.

## Weisiger, &c., v. McDonald, &c.

APPEAL FROM BOYLE CIRCUIT COURT.

FROM A JUDGMENT IN FAVOR OF DEFENDANTS, PLAINTIFFS APPEAL. REVERSED.

DESCENT—PROCEEDS OF THE SALE OF REAL ESTATE—CONVERSION— PARTIES—DISMISSAL.

Held: 1. Kentucky Statutes, 1899, section 1401, provides that if an infant die without issue, having the title to real estate by descent from one parent, the whole shall descend to that parent

and his or her kindred. Civil Code Prac., ch. 14, section 494, subsec. 6, relating to the sale of real estate of persons under disability, provides that if the owner of real estate which has been sold under the provisions of the chapter die during infancy the person who would have been entitled to the property shall be entitled to the proceeds. One died in infancy leaving the proceeds of sale of real estate inherited from her father. HELD, that her paternal uncles and aunts were entitled to the proceeds, to the exclusion of her mother.

2. Where defendant had illegally converted the proceeds of her infant daughter's real estate, the persons entitled thereto had a right to sue defendant alone to recover it, and to dismiss as to others whom they had sued with her.

ROBT. HARDING, ATTORNEY FOR APPELLANTS.

Joseph A. Weisiger died in 1890, intestate, leaving a widow now the appellee, Mary A. McDonald, and an infant daughter, Lucile Weisiger, who died in infancy.

The deceased Joseph A. Weisiger, owned several tracts of land in Garrard county, in part of which his widow owned a joint interest. The appellant, John G. Weisiger, was appointed guardian for the infant, Lucile. Before the remarriage of the widow and before the death of the infant Lucile, in a suit brought by the guardian, all the real estate owned by deceased Joseph A. Weisiger, including that in which his widow owned a joint interest, was sold at public sale, and, after paying the widow her share of the proceeds of her individual interest in the land, including the money value of her dower interest in that which belonged to her deceased husband, the balance of the proceeds of the land was paid over to W. H. Kinnaird, the statutory guardian of Lucile. At the death of Lucile, said Kinnaird qualified as her administrator. He was also administrator of the estate of Joseph A. Weisiger. Kinnaird, as administrator of said Lucile, demanded of her guardian, John G. Weisiger, all the proceeds of the sale of said land belonging to the infant Lucile, who paid him the same, amounting to $5,320.33.

The plaintiffs in this suit, who are appellants herein, are the brothers and sisters of Joseph A. Weisiger, deceased, and brought this suit against the widow of deceased, now Mary A. McDonald, J. G. Weisiger, the guardian of Lucile, and W. H. Kinnaird, the administrator of decedent, Joseph A. and the administrator of Lucile Weisiger, deceased, in which they claim the proceeds of the sale of the land belonging to said decedent, Joseph A. Weisiger, setting out all the facts herein recited,

to which petition the lower court sustained a demurrer on the ground that the plaintiffs, as the brothers and sisters of Joseph A. Weisiger are not entitled to said proceeds, but, on the death of the infant, Lucile, the same descended to her mother, now Mrs. McDonald.

The appellants make the following contentions:

1. That the master commissioner improperly and without any authority to do so, paid this money to the guardian, who improperly paid same to the administrator, and he improperly paid same over to appellee, Mrs. McDonald.

2. The appellee, Mrs. McDonald, wrongfully received and converted this money to her own use and is liable to appellants therefor, because the infant Lucile, having died during infancy, and without issue, the land she inherited from her father would have descended to her uncles and aunts, and the land having been sold, they are entitled to the proceeds of the sale in preference to Lucile's mother.

## AUTHORITIES CITED.

Kentucky Statutes, sec. 1401; Powers v. Daugherty, 83 Ky., 178; Civil Code, sec. 494, subsec. 6; Thompson v. Pettibone, 79 Ky., 32; Ware v. Palhill, 11 Ves. J. R.; Powers, Eq. Jurisprudence, (2d ed.), sec. 1167; In re Stewart, 1 Swake & G., 32, 39; In re Harap, 3 Drew, 726; Kellard v. Fullford, L. R., 6 ch. Dia., 491; In re Keggs, 2 De Gex, &c. 5, 553; Richards v. Atty. Genl., 6 Moore, P. C. C., 381.

R. P. JACOBS AND WILLIAM HERNDON, FOR APPELLEES.

We contend:

1. The court must get its information upon which it acts, from the pleadings and not from the exhibits filed.

2. Every essential averment required to make a declaration good at common law, must, under the code, upon general demurrer, be made in the petition.

3. Defects in the petition can not be cured by statements in a paper filed with and as a part of the petition though it be the foundation of the action.

If subsection 6 of section 494 of the Civil Code, is valid, it does not apply to funds—proceeds—however they may arise, which have been paid to the guardian for general purposes or for any purpose, before the death of the infant.

5. Said subsection, if valid, was repealed by what is now section 1403 of Kentucky Statutes.

6. Said subsection was never valid; it is contrary to the Constitution.

7. The provisions of the Code which undertake to provide how the proceeds of land sold under section 494, shall descend, are purely remedial and in contravention of a plain statute on the same subject, and we contend that the statute should prevail.

### AUTHORITIES.

Code, sec. 120; 11 Ency. Plead. & Prac., 1143; Cox v. Farley, 2 Wes. L. M., 315; Judd v. Dean, 2 Disney, 210; Fordice v. Marks, 1 Am. L. Rec. (O.) 257, 2 Am. L. Rec. (O.) 392; Becknell v. Becknell, 110 Ind., 42; Wilson v. Banks, 55 Ind., 584; 11 Am. & Eng. Cyc. Plead. & Prac., 1144; Hill v. Barnett, 14 B. M., 84; Gibhard v. Garnier, 12 Bush, 325; Murphy v. Estes, 6 Bush, 533; Green v. Page, 88 Ky., 307; Huffaker v. National Bank of Monticello, 12 Bush, 287; 3 Am. & Eng. Plead. & Prac., 362 and note 4; Power v. Power, 12 Rep., 793; Malone v. Conn, 95 Ky., 93; Sawyer v. Guscurth, 3 Rep., 592; Code, sec. 494, subsec. 6; Collins v. Champ, 15 B. M., 118; Acts of 1891-2-3, p. 1377; Genl. Stats. subsec. 1, ch. 11, ch. 31; Broaddus v. Broaddus, 10 Bush, 308; Parish v. Ferguson, 83 Ky., 18; Am. & Eng. Ency. of Law, 483, 487; Keene v. Tilford, 81 Ky., 607; Lawson's Rights and Remedies.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

Joe Weisiger died in Garrard county, this State, December, 1893, intestate, but was survived by his wife, Mary Kinnaird Weisiger, and an infant daughter, Lucile Weisiger. His widow afterwards intermarried with one —— McDonald, with whom she is still living, their place of residence being in Boyle county. Soon after the death of the intestate, his brother, John G. Weisiger, was, by an order of the Garrard County Court, appointed, and at once gave bond and duly qualified, as the statutory guardian of the infant, Lucile Weisiger, who was then under fourteen years of age. Subsequently, Lucile Weisiger, while yet an infant, died in Garrard county, intestate, unmarried, and without issue; and thereafter W. H. Kinnaird, by an order of the Garrard County Court,

was appointed and duly qualified as administrator of her estate. At the time of his death Joe Weisiger owned in fee and was in the possession of the following parcels of real estate, lying in and near the city of Lancaster, Garrard county: First, the undivided half of a house and lot fronting on Lexington street, the other half being owned by his then wife, now Mary McDonald; secondly, a lot adjoining the one last mentioned, containing a half acre; thirdly, a lot adjoining the half acre last named, and containing about three acres; fourthly, a lot adjoining the last one, containing three rods and one pole; fifthly, a storehouse and lot known as lot No. 3 on the plat of the city of Lancaster; sixthly, two other adjoining tracts, one containing twenty, and the other forty, acres, less one and three-quarters acres conveyed by a former owner to H. M. Naylor. The two parcels last mentioned were owned jointly by the intestate and Jno. E. Stormes. At the death of the intestate, the real estate, and all interest therein, owned by him, descended to his infant daughter, Lucile Weisiger, as his only heir at law subject to the dower of the widow, now Mary McDonald.

After the death of Joe Weisiger, and before the death of his infant daughter, her statutory guardian, John G. Weisiger, instituted an action in the Garrard Circuit Court in which she, her mother, W. H. Kinnaird, administrator of the estate of Joe Weisiger, deceased, and J. E. Stormes, joint owner of a part of the real estate mentioned, were made defendants, the objects of the action being to obtain a decree for the sale of all the real estate and interest therein owned by Joe Weisiger at the time of his death. It was averred, in substance, in the petition in that case that the lots could not be divided without materially impairing their value, and that it would be impossible, in view of their char-

acter and location, to allot dower to the widow so
as to make the same remunerative to her, or what would
be left to the infant, after the allotment of dower, re-
munerative to her, but that it would be beneficial to all
the parties in interest to sell the lots separately, or in
connected parcels, and pay to the widow her half of the
proceeds of the residence lot and the value of her dower in
the remainder, and to Stormes his half of the proceeds of
the two parcels owned by him jointly with the infant daugh-
ter of the intestate, which would leave to the lat-
ter the remainder as her share of the proceeds of sale.

After all the parties to the action were brought before
the court a decree was entered by the chancellor directing
the sale in one body of the residence lot on Lexington
street, on the usual terms, and after the customary ad-
vertisement. The decree further directed that one half
the proceeds realized from the sale of the residence lot be
paid to the widow, and that she also be paid the money
value of her dower out of the other half, and that the re-
mainder, which would be going to the infant, should not be
paid by the purchaser, but remain a lien on the realty until
she became twenty-one years of age, or until the execution
by her guardian of the proper bond, as required by section
493, Civil Code Practice. The decree further directed that
the residue of the realty be not sold until ordered by the
court.

At the succeeding term of the court a further decree was
entered, wherein it was adjudged that the residue of the
realty be sold, for the reason that it could not be divided
without materially impairing its value and the value of
each share, and that the best interest of the infant required
that it be sold for a reinvestment of her share of the pro-
ceeds as provided by law.

At the same term of the court John G. Weisiger, guardian of the infant, Lucile Weisiger, executed bond, with good security, as provided by section 493 of the Code in the case of sales of the real estate of infants, which was duly accepted and approved by the court. The sales ordered by both decrees of the court were duly made by the master commissioner as therein directed, and his reports thereof, upon being filed, were approved by the court, and from his report of the first sale it appears that Mary McDonald, widow of the intestate, became the purchaser of the dwelling house and lot sold under the first decree at the price of $3,500. For this sum she executed bond, with good security, which she upon its maturity paid in full, and $1,386.65 thereof went into the hands of the guardian of the infant, which sum was her share of the proceeds arising from the sale of the dwelling house and lot after the widow was paid her half of the entire proceeds and the value of her dower in the infant's half. From the report of the second sale made by the commissioner it appears that the residue of the intestate's real estate brought the sum of $5,002, and that after paying Stormes his half of what was realized from the sale of the two parcels of which he was a joint owner with the intestate, and paying to the widow the value of her dower in the remainder, there was left to the infant $3,933.68, which sum was also paid to her guardian. It further appears that after the sums realized from the sales of the real estate of the infant, Lucile Weisiger, had been paid to her guardian, and before any steps had been or could be taken by him or by the court to reinvest the same, her death occurred; following which her administrator, W. H. Kinnaird, whose appointment and qualification as such has already been recited, demanded of her guardian the sums of money which he had received for

his ward from the sales of the real estate, and the latter thereupon paid the administrator the sums so received and held by him, amounting in the aggregate to $5,320.33. Thereafter suit was brought in the Boyle Circuit Court by the appellants, John G. Weisiger, M. C. Weisiger, Emma Weisiger, Lucy W. Harding (formerly Lucy Weisiger), and her husband, Samuel Harding, against the appellees, Mary McDonald, and W. H. Kinnaird, administrator of the estate of Lucile Weisiger, deceased, to recover of them the amount paid by J. C. Weisiger, as guardian of Lucile Weisiger, to the administrator of the latter's estate. It is alleged in the petition that the father and mother of Joe Weisiger, deceased, are both long since dead, and that the appellants J. C. and M. C. Weisiger are brothers, and the appellants Emma M. Weisiger and Lucy Harding, sisters of Joe Weisiger, deceased, and that the four named are his only surviving brothers and sisters, and were the only uncles and aunts and heirs at law of his daughter Lucile Weisiger, deceased, and that by reason of her death in infancy, and the fact that all the real estate owned by her descended to her from her father, the proceeds thereof that were paid to the administrator by her guardian descended to them under and by virtue of section 1401, Kentucky Statutes, 1899. It is further averred in the petition that the administrator, after collecting the proceeds of the infant's real estate from the guardian, unlawfully paid it all over to Mary McDonald, mother of the infant; that the latter has wrongfully converted it to her own use, and now holds it without right, and refuses to pay it to the appellants; and they prayed judgment against her and the administrator for the amount thus converted by them.

The appellee filed a demurrer to the petition, which was

sustained by the lower court, and the petition dismissed, and from that judgment this appeal was taken.

Section 1401, Kentucky Statutes, 1899, provides that "if an infant dies without issue, having the title to real estate derived by gift, devise or descent from one of his parents, the whole shall descend to that parent and his or her kindred as hereinbefore directed, if there is any; and if none, then in like manner to the other parent and his or her kindred; but the kindred of one shall not be so excluded by the kindred of the other parent, if the latter is more remote than the grandfather, grandmother, uncles and aunts, of the intestate and their descendants."

It is conceded by the appellees that if the real estate that descended to the infant, Lucile Weisiger, upon the death of her father, had remained unsold, it would, under the statute, *supra*, have gone at her death to the appellants; but they contend that inasmuch as it was converted into money before her death, it became and must be treated as personalty, and that as subsection 1 of section 1403, Kentucky Statutes, 1899, directs that "the personal estate of an infant shall be distributed as if he had died after full age," the same went to the mother at the death of the infant, and is consequently rightfully held by her.

In construing section 1401 of the statute, *supra*, this court, in Talbot v. Talbot, 17 B. Mon., 1, held that "the purpose of the Legislature (in enacting it) was to limit the descent of the real estate of an infant dying without issue to that side of the house from which it came;" and in Powers v. Dougherty, 83 Ky., 187, 7 R., 54, it was also held that "if an infant dies without issue, having title to real estate derived from one of his parents, the whole descends to the kindred of that parent, provided such kindred are not more remote than the grandparents, uncles, and aunts

of the infant." Indeed, in the absence of any authoritative
statement from this court, the language of the statute itself
clearly manifests that such is the disposition to be made
of the real estate of an infant dying without issue.

Subsection 6, section 494, chapter 14, Civil Code Practice,
relating to the sale of the real estate of persons under dis-
ability, expressly provides that "if the owner of real estate
which has been sold under the provisions of this chapter
die during infancy, or being of unsound mind die intestate,
or being an adult married woman die without having re-
ceived the proceeds of sale, upon her written request, and
upon privy examination as is authorized by this chapter,
or without disposing in the manner authorized by law of
the property in which the proceeds may have been invested,
the person who would have been entitled to the property
if it had not been sold, shall be entitled to the proceeds, or
to the property in which they have been invested." This
provision of the Code is, in our opinion, conclusive of the
question in issue in the case at bar. The real estate of the
infant was sold under chapter 14, Civil Code Practice, ac-
cording to the terms of the judgment, for a reinvestment
of the proceeds for the infant's benefit; but before the re-
investment was made the infant died. In contemplation of
law the proceeds of her real estate were still under the con-
trol of the chancellor at the time of her death, though in
the hands of her guardian, and under the provision of the
Code, *supra*, they must go to the appellants, as they are
the persons who would have been entitled to the property
if it had not been sold. In Pomeroy's Equity Jurisprudence,
sec. 1167 (2d Ed.), under the head "Compulsory Sales of
Land under Statute, or by Order of Court," it is said:
"Where land is purchased or taken under compulsory pow-
ers conferred by statute, and the owner is *sui juris*, a con-

version is effected.  The purchase money, although not yet paid, becomes to all intents personalty.  But if the owner is an infant or lunatic, or the land is in settlement, the purchase money remains land; there is no conversion." The payment by the commissioner of the proceeds of the infant's real estate to her guardian was without an order from the lower court, and without authority of law, as was the payment of the same by the infant's guardian to the administrator of her estate, and manifestly the latter was equally without authority to pay such proceeds to the mother of the infant.  Wherefore the judgment is reversed, and cause remanded to the lower court, with directions to overrule the demurrer and for further proceedings consistent with the opinion herein.

Response to petition for rehearing by Judge Settle:

The question is made by the petition for rehearing that W. H. Kinnaird, administrator of Lucile Weisiger, deceased, is not a party to this appeal.  We find on page 30 of the record an order which dismissed him as a party to the action, and this order was, of course, entered by the lower court before the appeal was taken.  We were led to think him a party to the appeal, as his name appears as a party in the statement filed with the record naming the parties to the appeal.  It is, however, not material to the decision of the appeal by this court that he should have been a party to the record.  Appellants, upon the ground that Mary A. McDonald had illegally received and converted the proceeds of her infant daughter's real estate to which they were entitled, no matter by whom paid to her, had the right to sue her alone to recover it, or to dismiss others whom they had sued with her, and seek a recovery against her alone.  The judgment and opinion of this court can not,

of course, affect Kinnaird, as he was dismissed from the case in the court below

A careful examination of the petition for rehearing has failed to indicate to our minds any error in the conclusions expressed in the opinion herein, wherefore the opinion is modified to the extent of declaring that it does not apply to Kinnaird, and the petition for rehearing is overruled.