CASE 15.—ACTION BY ELBERT BINGHAM AND ANOTHER
        AGAINST MOLLIE CARNES AND OTHERS.—May 27,
        1909.

## Carnes, &c. v. Bingham, &c.

Appeal from Knox Circuit Court.

H. C. FAULKNER, Circuit Judge.

From the judgment plaintiffs and defendant, Mollie
Carnes, appeal.—Affirmed.

1.  Descent and Distribution—Persons Entitled to Inheritance.—
    Ky. St. 1909, Sec. 1401, provides that, if an infant dies without
    issue, having title to real estate derived by gift, devise, or de-
    scent from one of his parents, "the whole shall descend to
    that parent and his or her kindred, if there is any; and if
    none, then in like manner to the other parent and his or her
    kindred; but the kindred of one shall not be so excluded by

the kindred of the other parent, if the latter is more remote than the grandfather, grandmother, uncles and aunts of the intestate and their descendants." Held, that where a minor died, without issue, leaving land inherited from her mother, leaving a sister and brother of her mother and a child of a deceased sister of her mother, they each took one-third.

F. D. SAMPSON and DISHMAN & DISHMAN for appellants.

J. O. TUGGLE for appellees.

Opinion of the court by Judge Nunn—Affirming.

One Ellen Carnes died in the year 1896, under the age of 21 years, without bodily issue, the owner of a fourth interest in a small survey of land, which she inherited from her mother. Ellen Carnes did leave surviving her a stepmother, three or four half-brothers and sisters, who were made defendants in this action, and an uncle and aunt, Elbert Bingham and Lucy Wheat, who instituted this action for the recovery of the fourth interest which descended from their sister Elizabeth Carnes to Ellen Carnes. The tract of land, one-fourth of which is in controversy, was conveyed in 1883 by Samuel Bingham and his wife to Ellen Bingham, Lucy A. Bingham, Alabama Bingham and Catherine Carnes, who was then the wife of Martin Carnes. Some time after this conveyance, Martin Carnes purchased the two one-fourth interests held by Elbert Bingham and Lucy A. Bingham. Alabama Bingham retained her one-fourth until she died, and it descended to her only daughter, Mary, who afterwards intermarried with one Hacker. After the death of Ellen Carnes, Mary Hacker and her husband sold and conveyed all of her interest in the land to Mollie Carnes, the second wife and widow of Martin Carnes. This action was brought by Elbert Bingham and Lucy A. Bingham, who had

married one Wheat, for the whole of the one-fourth interest owned by Ellen Carnes at her death. The court, by its judgment, gave them two-thirds of the one-fourth, and gave the other third to Mollie Carnes, the vendee of Mary Hacker and husband. Both parties appeal from this judgment.

The half brothers and sisters of Ellen Carnes, they being the nearest of kin to her, claimed to have inherited the land from her. Bingham and Wheat, plaintiffs in the action, claim that, as they were the only uncle and aunt living at the death of Ellen Carnes, they are entitled to the whole of the fourth interest, as Ellen Carnes died without any whole brothers, sisters, or grandfather or grandmother on her mother's side. Section 1401, Ky. St., is as follows: "If any infant dies without issue, having the title to real estate derived by gift, devise or descent from one of his parents, the whole shall descend to that parent and his or her kindred as hereinbefore directed, if there is any; and if none, then in like manner to the other parent and his or her kindred; but the kindred of one shall not be so excluded by the kindred of the other parent, if the latter is more remote than the grandfather, grandmother, uncles and aunts of the intestate and their descendants." It is clear that by the terms of this section of the statute the half brothers and sisters of Ellen Carnes took no interest in the real estate left by her, and that the plaintiffs, Bingham and Wheat, are entitled to, at least, as much as the court gave them.

The only question remaining is whether Bingham and Wheat are entitled to the other portion of that interest. We have not been cited to, nor have we been able to find, any case construing the latter part of the section of the statute quoted, to-wit: "But the kin-

dred of one shall not be so excluded by the kindred of the other parent, if the latter is more remote than the grandfather, grandmother, uncles and aunts of the intestate and their descendants." Alabama Bingham, who married one Murphy, was the mother of Mary Hacker and a sister of the claimants of the whole one-fourth interest. Mary Hacker is the only descendant of her mother, and if the last three words, "and their descendants," of the section quoted, do not apply to Mary Hacker in this case, we are at a loss to give them any meaning. We are of the opinion that Mary Hacker took the interest in this land that her mother would have taken if she had been alive when Ellen Carnes died.

For these reasons the judgment of the lower court is affirmed both upon the original appeal and cross-appeal.