## Gaddie, et al. v. Hogan, et al.

(Decided October 22, 1918.)

### Appeal from Marion Circuit Court.

Descent and Distribution—Infants.—When an infant dies without issue, having title to real estate by descent from his mother, the whole estate descends to infant's maternal uncle and aunt, as her next of kindred, to the exclusion of half-brothers of decedent, under section 1401 Ky. Statutes.

C. T. CUNNINGHAM and S. A. RUSSELL for appellants.

W. H. SPRAGENS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Edwards Gaddie, an infant, died without issue, on January 1, 1917, the owner of a tract of land in Marion county, which had descended to him from his deceased mother. After the death of his mother his father mar-

ried again, and from that union two half-brothers of Edward Gaddie was born, who in this action claim to inherit the land owned by Edwards Gaddie at his death. The lower court, however, held that under section 1401 of the Kentucky Statutes the land descended to the appellees, the brother and sister of the mother of Edwards Gaddie, rather than to appellants, his half-brothers, and from that judgment the latter have prosecuted this appeal.

Section 1393 of the Kentucky Statutes provides for the descent and distribution of land generally, and provides that it shall descend in the order therein set out to the next of kin of the deceased owner. Section 1401 provides that:

"If an infant dies without issue, having the title to real estate derived by gift, devise or descent from one of his parents, the whole shall descend to that parent and his or her kindred as hereinbefore directed, if there is any; and if none, then in like manner to the other parent and his or her kindred; but the kindred of one shall not be so excluded by the kindred of the other parent, if the latter is more remote than the grandfather, grandmother, uncles and aunts of the intestate and their descendants."

It is, therefore, apparent that under section 1401 the the land of an infant derived from one parent does not go to the next of kin of the infant, as ordinarily would be the case under section 1393, but goes back to the parent from whom the land was derived "and his or her kindred," as provided under section 1393, to the exclusion of the infant's next of kin on the side of the parent from whom the land was not derived, unless the kindred of the parent from whom the land was derived are more remote than the grandfather, grandmother, uncles and aunts of the decedent and their descendants.

In the case at bar the infant derived the land by descent from his mother, and under the plain and explicit direction of section 1401 it goes back to the mother "and her kindred," who are not more remote than the grandfather, grandmother, uncles and aunts of the infant; and as the grandfather and grandmother were dead, it descended to the uncle and aunt, the appellees, as was decided by the lower court.

It seems the language of section 1401 is so plain that no other construction would be possible; but even if there

were doubt as to its meaning, it has been construed so many times by this court since its enactment in 1851 that there is now certainly no room for argument. See Driskell v. Hanks, 18 B. Mon. 682; Weisiger, &c. v. McDonald, &c., 116 Ky. 862; Talbott's Heirs v. Talbott's Heirs, 17 B. Mon. 1; Power v. Dougherty, 83 Ky. 187; Holmes v. Lane, &c., 136 Ky. 21; Bertram v. Witherspoon's Admr., 138 Ky. 116; Carnes, &c. v. Bingham, &c., 134 Ky. 96.

Appellants, however, relying upon the case of Clay, &c. v. Cousins, &c., 1 T. B. Mon. 75, argue quite earnestly that section 1401 excludes only the parent from whom the land was not derived, but does not exclude the children of that parent who are half-brothers of the decedent. The trouble with this argument is that it ignores the very plain and explicit provisions of the present statute, which is very different from the statute of 1790, in force in 1824 when Clay v. Cousins, *supra,* was decided. Under it only the father from whom the land was not derived was excluded, and the half-brothers and sisters were not excluded; but under the present statute the land goes back to the parent from whom it was derived and his or her kindred not more remote than the grandfather, grandmother, uncles and aunts of the deceased infant to the exclusion of not only the parent from whom the land was not derived, but to the exclusion of all the infant's kindred on that side of the house if kindred of the parent from whom the land was derived survive within the limits named. The plain purpose of the statute is, as was stated in Talbott v. Talbott, *supra,* to limit the descent of the real estate of an infant dying without issue to that side of the house from which it came, to the extent specified.

Wherefore the judgment is affirmed.