## Pulliam v. Parris, et al.

(Decided May 4, 1920.)

## Appeal from Franklin Circuit Court.

1. Descent and Distribution—Descent of Lands of Infant.—Where a father, the owner of real estate, dies leaving an infant child and widow, and the widow remarries and has another child, and the child by her first husband who inherited the land dies in infancy and without issue, the land descends to the paternal grandfather

or grandmother. if there be any, of such infant; if no grandfather or grandmother, then to the paternal uncles and aunts of such infant, if any; and if no uncle or aunt, then to the descendants of such uncles and aunts, if any there be; if not, then in like manner to the mother and her kindred.

2. Descent and Distribution—Inheritance of Half Blood.—The half-brother in such case can not inherit if there be a grandfather, grandmother, uncle, aunt or descendants thereof on the father's side.

3. Descent and Distribution—Inheritance of Half Blood.—The last three words of section 1401, Kentucky Statutes, "and their descendants" embrace and include the descendants of uncles and aunts to the remotest degree, and so long as there are descendants of the uncles and aunts neither the mother nor the half-blood brother can inherit.

JAMES H. POLSGROVE and EDWARD C. O'REAR for appellant.

LESLIE W. MORRIS and ELWOOD HAMILTON for appellees.

Opinion of the Court by Judge Sampson—Reversing.

Allen Burns died in Franklin county intestate more than forty years ago, the owner of a tract of about thirty-five acres of land. He left surviving him a wife and infant child. Soon thereafter, the widow remarried and became the mother of the defendant, Joseph Parris. Within a short time the infant child of Allen Burns died intestate and without issue. Being the only child of Allen Burns this infant took the thirty-five acres of land by descent, but the plaintiff, Pulliam, who is the grantee of Louisa Bohannon, &c., cousins of the deceased infant, claims the land through descent to his grantors as the next of kin to the deceased infant on the paternal side, while the defendant and appellee, Joseph Parris, claims the land by descent from said deceased infant, his half-brother, through their mother. Section 1401 Kentucky Statutes reads as follows:

"If an infant dies without issue, having the title to real estate derived by gift, devise or descent from one of his parents, the whole shall descend to that parent and his or her kindred as hereinbefore directed, if there is any; and if none, then in like manner to the other parent and his or her kindred; but the kindred of one shall not be so excluded by the kindred of the other parent, if the latter is more remote than the grandfather, grandmother, uncles and aunts, of the intestate and their descendants."

This section of the statutes has been repeatedly construed by this court in all respects: Driskell v. Hanks, 18 B. Mon. 682; Talbott's Heirs v. Talbott's Heirs, 17 B. M. 1; Weisiger v. McDonald, &c., 116 Ky. 862; Power v. Daugherty, 83 Ky. 187; Holmes v. Lane, &c., 136 Ky. 21; Bertram v. Witherspoon's Admr., 138 Ky. 116; Gaddie, et al. v. Hogan, et al., 181 Ky. 714, except the last three words, "and their descendants," and this part of the section was construed by us in the case of Carnes, &c. v. Bingham, 134 Ky. 96, where we said:

"Mary Hacker (a child of a deceased aunt), is the only descendant of her mother, and if the last three words 'and their descendants' of the section quoted, do not apply to Mary Hacker in this case, we are at a loss to give them any meaning. We are of the opinion that Mary Hacker took the interest in this land that her mother would have took if she had been living when Ellen Carnes died."

In that case, as in this, an infant died without issue, the owner of real estate descended from one of its parents. There was no grandfather or grandmother living on the maternal side from whence the land came, but there were on that side an uncle and an aunt and Mary Hacker, a child of a deceased aunt. In the case at bar there was no grandfather, grandmother, uncle or aunt on the paternal side at the time of the death of the infant in whom the real property was vested by descent from its father; but there were descendants of uncles and aunts, and the question is, do the descendants of these deceased uncles and aunts take the thirty-five acres of land in controversy, or does it pass, as provided by section 1401 Kentucky Statutes, to the kindred of the other parent because of the remoteness of the kindred of the father from whom the land came? Construing this section of the statutes as a whole we conclude that where an infant dies without issue having title to real estate derived by descent from one of his parents, the whole will descend to the kindred of the parent from whom the land came, if there be any not more remote than grandfather, grandmother, uncles or aunts of the infant intestate and their descendants. To ascertain this, we begin at the infant, then come up through the parent from whom the land descended to the grandfather and grandmother, then to the uncles and aunts of the deceased infant on the same side of the family tree, if there

be any of either; and if none, then to the children of the aunts and uncles, if any, which in this case are the grantors of the plaintiff Pulliam. The limitation prevents the descent going further than the grandfather and grandmother in the ascending line but it may follow the descending line from the grandfather and grandmother to the utmost degree of kindred. It is not necessary that there be an uncle or an aunt living in order to cast descent of real estate upon nephews and nieces of a deceased uncle or aunt. Having reached this conclusion with respect to the law of the case, let us look at the pleadings. To the petition the defendants filed an answer in three paragraphs, the first being a traverse; the second paragraph avers that the defendant "is the owner of said tract of land as the heir at law of Ann Burns (wife) and Allen Burns, deceased. Defendant says that Allen Burns died about forty years ago and left surviving him his wife, Ann Burns, and an infant child, —— Burns, and said infant child —— Burns, died in infancy about thirty-five years ago, and left surviving him his mother, Ann Burns, and this defendant his half-brother, they being his next of kin and heirs. Defendant says that said infant, —— Burns, left surviving him as next of kin on his father's side, his cousin, Louisa Bohannon, Sallie Rails and Mary E. Dupour, the grantors to plaintiff. Defendant says that the plaintiff claims title to said tract of land by deed from Louisa Bohannon, Sallie Rails and Mary E. Dupour, dated May 6, 1914, and unrecorded. He says said deed is void and of no effect, because the grantors named therein were neither grandfather, grandmother, aunt nor uncle of —— Burns, the infant."

To this paragraph of the answer a general demurrer was interposed. The third paragraph of the answer was a plea of adverse possession but this plea was withdrawn by defendant and the case submitted to the court upon the demurrer to the answer, which was overruled, and the plaintiff declining to further plead, the petition was dismissed, from which the plaintiff, Z. R. Pulliam, appeals.

Under the construction of the statutes, section 1401, made above, the trial court should have sustained the demurrer to the second paragraph of the answer of defendants, and the petition should not have been dismissed.

In their brief counsel for appellee insists that Pulliam cannot maintain this action, because his deed is champertous, but as the case must be reversed for errors committed in overruling the demurrer and dismissing the petition, it will not be necessary to consider the question of champerty at this time. On a return of the case to the lower court the parties should be allowed to plead to an issue, if they desire to do so.

Judgment reversed.