CASE 6..—ACTION BY CHARLES J. WYATT AGAINST THE AMERICAN GUILD TO RECOVER ON A POLICY OF INSURANCE ON THE LIFE OF HIS WIFE.— March 12.

# American Guild v. Wyatt

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

Insurance—Mutual Benefit Societies—Policies—Statutes—Effect—Application.—Ky. Stats., 1903, section 679, provides that all policies and certificates of life insurance referring to the application of insured or the constitution, by-laws, and rules of the society shall contain or have attached a correct copy in order to authorize the introduction thereof in evidence. Laws March 24, 1906, amended such section by making it inapplicable to secret or fraternal societies doing business on the lodge system. Held, that section 679 did not prescribe a mere rule of evidence, but determined what should constitute the contract between the parties, and hence a society doing business on the lodge system, when sued on a claim which matured prior to the amendment, was not entitled to introduce in evidence after the amendment took effect provisions of its constitution and by-laws to limit its liability which were not contained in or attached to the certificate.

W. B. STANFIELD for appellant.

1. This court very clearly in case of Hunziker v. Supreme Lodge K. P., 78 Southwestern Reporter, page 203, stated the principle of law applicable to this proposition when it said "The statute under consideration (section 679) is one that effects the remedy to the extent, at least, that it establishes a rule of

American Guild v. Wyatt.

evidence." In same connection see Park v. McReynolds, 64 S. W., 517.

2. "A law which changes the rules of evidence relates to the remedy and is not within the constitutional inhibition." (Sutherland on Statutory Constitution, section 478.) "Laws which change the rules of evidence relate to the remedy only." Also, "laws which establish a rule of evidence respecting certain past transactions cannot be said to impair the obligation of contracts." (Cyclopedia of Law & Procedure (Cyc.), vol. 8, page 1015; Herbert v. Easton, 43 Ala., 547; Stockwell v. Robinson (Del.) 32 Atlantic, 528; Fales v. Wadsworth, 23 Me., 553; Tabor v. Ward, 83 N. C., 291; Foster v. Gray, 22 Pa. St., 9; 10 Cent. Dig. title Constitutional Law, sec. 519; Ehle v. Brown, 31 Wis., 405.)

3. The law concerning the competency of witnesses in force at the time of trial, and not that in force when the contract is entered into, controls. (O'Bryan v. Allen, .108 Mo., 227, 18 S. W., 892, 32 Am. Stat. Rep., 595.)

4. No person has a vested right in rules of evidence. (Callanan v. Hurley, 93 U. S., 387; Bannon v. Barnes, 39 Fed., 892; Ensign v. Barse, 14 N. E., 400 and 15 N. E., 401.) No fuller examination of this proposition can be anywhere found than in Cobley on Constitutional Limitation (5th edition), chapter 11, page 452, where he says:—

5. Alterations in rules of evidence.—"It must be evident that a right to have one's controversies determined by existing rules of evidence is not a vested right. These rules pertain to the remedies which the State provides for its citizens; and in legal contemplation they neither enter into and constitute a part of any contract, nor can be regarded as being of the essence of any right which a party may seek to enforce. Like other rules affecting the remedy, they must therefore at all times be subject to modification and control by the Legislature, and the changes which are enacted may lawfully be made applicable to existing causes of action in those states in which retrospective laws are forbidden. (Rich v. Flanders, 39 N. H., 304; Southwick v. Southwick, 49 N. Y., 510; Hand v. Ballon, 12 N. Y., 541; Allen v. Armstrong, 19 Iowa, 61; Forbes v. Halsey, 26 N. Y., 53; Abbott v. Lindenbower, 42 Mo., 162.)

W. J. WEBB for appellee.

## QUESTIONS MADE AND AUTHORITIES CITED.

1. Constitution rules, by-laws and regulations of insurance companies cannot be considered a part of the policy or con'ract of

insurance, unless attached to, or made a part of the policy or accompanies the same. (Kentucky Statutes, section 679; Supreme Com., &c.; Godlen Cross v. Hughes, 24 Ky. Law Rep., 984; Hunziker v. Supreme Lodge Knight of Pythias, 25 Ky. Law Rep., 1510; A. O. U. W. v. Edwards, 27 Ky. Law Rep., 469; Mooney v. A. O. U. W., 114 Ky., 950.)

2. The Legislature of 1906, having repealed that part of section 679, applicable to fraternal orders, cannot affect the policy in this case, as the law in question is not only one regulating the laws of evidence, but also one of contracts, and by section 679, consitutions, by-laws rules and régula'ions adopted by insurance companies cannot be considered a part of the contract or policy unless attached to, or made a part of the policy. (Kentucky Statutes, sec+ion 679; Hunziker v. Supreme Lodge Knights of Pythias, 25 Ky. Law Rep., 1510.)

3. The only question in this case was one of fact, whether the rules, constitutions or by-laws were attached to, or made a part of the contract or accompanied the same. The jury having found in appellee's favor on this issue, appellant is bound thereby.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The life of Bettie K. Wyatt was insured by the American Guild in the sum of $1,000, for the benefit of her husband, Charles A. Wyatt. She died, and this suit was filed by him against the society to recover on the policy. It admitted a liability of something over $400, but denied any further liability under certain clauses of its constitution and by-laws, and the constitution and by-laws of another society which it succeeded, and in which the deceased was originally insured. The matters relied on were not set out in the certificate as required by section 679. Ky. Stat., 1903. The deceased died in the year 1905. The action was begun upon the policy in September, 1905. By an act which became a law March 24, 1906. the general assembly added these words to section 679, Ky. Stat., 1903: "But the provisions of this sec-

tion and of this subdivision shall not apply to secret
or fraternal societies, lodges or councils, which are
under the supervision of a grand lodge or supreme
body and secure members through the lodge system
exclusively, and pay no commission nor employ any
agents except in the organization and supervision of
the work of local subordinate lodges or councils.''
The American Guild is a secret or fraternal society,
under the supervision of a grand lodge. It secures
members through the lodge system exclusively. It
pays no commission and employs no agents, except
in the organization and supervision of the work of the
local lodges. It is insisted for it that the amendment
to the statute may be relied upon by it, although the
loss occurred and the action had been brought before
the statute was amended. It is insisted that section
679, Kentucky Statutes, merely establishes a rule of
evidence, and that the trial of a case is governed by
the law of evidence in force at the time the case is
tried. The circuit court gave judgment in favor of
the plaintiff, and the defendant appeals.

Section 679, Ky. Stat., 1903, so far as material is in
these words: ''All policies or certificates hereafter
issued to persons within the commonwealth by cor-
porations transacting business therein under this law,
which policies or certificates contain any reference to
the application of the insured, or the constitution, by-
laws or other rules of the corporation, either as form-
ing part of the policy or contract between the parties
thereto, or having any bearing on said contract, shall
contain or have attached to said policy or certificate
a correct copy of the application as signed by the
applicant, and the portions of the constitution, by-
laws or other rules referred to; and unless so at-
tached and accompanying the policy, no such applica-

tion, constitution, by-laws or other rules shall be received as evidence in any controversy between the parties to or interested in said policy or certificate, and shall not be considered a part of the policy or of the contract between such parties.'' There would be much force in the position of appellant if the statute stopped with these words: ''No such application, constitution, by-laws or other rules referred to shall be received in evidence in any controversy between the parties to or interested in said policy or certificate.'' But the statute does not stop here. These words are added: ''And shall not be considered a part of the policy or of the contract between such parties.'' This is to provide more than a rule of evidence. It is a provision as to what shall be the contract between the parties. Under the statute the policy or certificate is the contract between the parties unless the other papers referred to are attached thereto. A contrary rule was not laid down in Hunziker v. Knights of Honor, 117 Ky. 418, 25 Ky. Law Rep. 1510, 78 S. W. 201. In that case it was held that a by-law passed after the enactment of the statute which materially changed a policy theretofore issued could not be considered unless attached to the policy. The opinion is not rested upon the ground that the statute merely established a rule of evidence. The court said: ''The statute under consideration is one that affects the remedy to the extent, at least, that it establishes a rule of evidence. It does not interfere with the right of insurance companies to pass such a by-law as the one relied on by appellee, but it prevents them from making use of it as evidence, or relying upon it as a part of the contract, in a controversy or lawsuit with one of their policy holders,

unless it has been attached to and made a part of the policy."

In the case before us the defendant is by the statute prevented from relying upon the matters referred to as a part of the contract. The rights of the parties are determined by the contract, and the contract under the statute is determined by the certificate. The State cannot make any law impairing the obligation of a contract, and when the insured died the rights of the beneficiary attached, and the State could not thereafter, if it wished, impair in any way the contract rights of the beneficiary under his contract.

Judgment affirmed.

Petition for rehearing by appellant overruled.