CASE 58—ACTION BY JAMES S. WITHERS AGAINST THE
PROVIDENT SAVING LIFE ASSURANCE SOCIETY OF
NEW YORK—March 3.

# Provident Sav. Life Assurance Soc. v. Withers.

Appeal from Franklin Circuit Court.

R. L. STOUT, Judge.

Judgment for plaintiff, defendant appeals.—Re-
versed.

1. Evidence—Contract—Varying—The statute making a life insur-
ance policy the sole measure of the company's liability is for
the protection of both the company and the policy holder, and
preliminary contracts previous to the issue of the policy can
be shown by neither to defeat its operation.

2. Limitation of Actions—Computation—Discovery of Fraud—
Where the insured could have discovered by the simplest in-
spection whether life policies delivered to him conformed to
the preliminary contract, his right of action to have the
policies corrected for fraud or mistake accrued at the time of
their delivery to him, and his action for such relief, brought
seven years thereafter, was barred by the five-year statute of
limitations.

WM. MARSHALL BULLITT and KEITH M. BULLITT for
appellant.

## POINTS.

1. The Agent Johnson had no power to bind the Provident
Savings to any contract of insurance as it was not within his real
or apparent scope of authority.

2. The paper "Exhibit A" is not binding on the company, and

was superseded by the policies issued which constitute the only contract between the parties.

3. No reform of the contract can be had as the requisite elements to the granting of that relief are absent.

4. The alleged contract for exchange of the policies is void because the minds of the parties never met.

HAZELRIGG, CHENAULT and HAZELRIGG for appellee.

The defense of the company is that there can be no contract of insurance except that embraced in the policy, and second that the agent Johnson had no authority to promise Mr. Withers a paid up policy for $8,000.00 and cash in profits of $7,128.00.

AUTHORITIES CITED.

Pierce vs. Insurance Co., 45 Kansas 579; Vol. 16 Am. & Eng. Ency of Law, page 908-915; Union Ins. Co. vs. Wilkerson, 13 Wallace, Book 20, page 222; Bebee vs. Ins. Co., 25 Conn. 51, Lycoming Ins. Co. vs. Schollenbergen, 44 Pa. 259; Beal vs. Ins. Co., 16 Wis. 241; Davenport vs. Ins. Co., 17 Ia. 276; Commercial Fire Ins. Co. vs. Morris, 105 Ala. 507; Johnson vs. Scottish Union Ins. Co., 93 Wisconsin 228; Life Ins. Co. vs. McGown, 18 Kansas 317; Franklin Fire Ins. Co. vs. Hewett, 3 B. M. 231; (42 Ky.); Aetna Ins. Co. vs. Jackson, 55 Ky. 259.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

In the year 1889 James Withers took out two policies in the Provident Saving Life Assurance Society insuring his life in the sum of $8,000, on which he paid a premium which increased each year rising from $181.87 in 1889 to $321 in 1894. He then exchanged these policies for two upon the five-year renewable term plan at a premium of $392 annually for the first five years ending in 1899. When that period was nearly over, seeing that he would have a larger premium to pay for the next five years and thereafter an ever increasing premium, he desired to change the

form of his insurance, and had a transaction with J. M. Johnson who, was working under the agents of the company at Cincinnati. An arrangement was made between him and Johnson by which two policies were to be issued to him upon the 15-year payment plan, dated back to the time when he had first taken out his insurance, and he was to pay premiums as though he had originally taken out the policies in this way. He executed his note for about $4,000 for the balance owing by him on the past premiums, and the new policies were issued by the company and sent to him. He paid the future premiums on them regularly until the remaining premiums were paid. After he had paid the last of the future annual premiums he brought this suit against the company, charging, in effect, that it was agreed between him and Johnson at the time he took out these policies that, after he had paid the fifteen annual premiums, he would be entitled to draw out of the company $7,128 in cash and still have $8,000 insurance payable at his death to his estate; that the contract was not truly expressed in the policies, but that by fraud and mistake the defendant had delivered to him policies materially different. He prayed that the defendant be required to execute and deliver to him policies conditioned as thus claimed, and that it pay to him $7,128. The defendant filed an answer controverting the allegations of the petition, and on final hearing the circuit court entered a judgment in favor of the plaintiff as prayed. From this judgment, the defendant appeals.

Withers testified on the trial that Johnson made with him a contract as stated in his petition, and also stated that Johnson at the time signed and delivered to him the following writing:

Illustration:
## PRIVILEGES AND OPTIONS ON THE INVESTMENT ADDITION POLICY.

___15___Payments. Accumulation Period 15___Years. Amount $__8000__ Age__59__ Annual Deposit $__213.12.

The figures authorized for insertion in this Table, which will be written in the policy, must be taken from the GUARAN-TEED values furnished by the Society in its official literature.

| At End of Year | | Loan Value $ | Total Amount Payable in Case of Death $ | Paid-up Life Policy $ | Face of Policy Extended for Years | Months |
|---|---|---|---|---|---|---|
| 2d | Year__ | | | | | |
| 3d | " __ | | | | | |
| 4th | " __ | | | | | |
| 5th | " __ | | | | | |
| 6th | " __ | | | | | |
| 7th | " __ | | | | | |
| 8th | " __ | | | | | |
| 9th | " __ | | | | | |
| 10th | " __ | | | | | |
| 11th | " __ | 4360 | 11864 | 5384 | 7 | 11 |
| 12th | " __ | 4888 | 12360 | 5968 | 8 | 5 |
| 13th | " __ | 5456 | 12888 | 6592 | 8 | 11 |
| 14th | " __ | 6096 | 13456 | 7264 | 9 | 7 |
| 15th | " __ | | 14096 | Paid-up | | |
| 16th | " __ | | | | | |
| 17th | " __ | | | | | |
| 18th | " __ | The above values are guaranteed in policy | | | | |
| 19th | " __ | | | | | |
| 20th | " __ | | | | | |

The death of the insured does not forfeit the investment value of the policy. On the contrary, SUCH VALUE IS PAID IN ADDITION TO THE INSURANCE.

If the insured be living and the policy in force___15___years from its date, its guaranteed cash value will be $_____ The Society will allow him then to select his settlement under one of the following:

### OPTIONS:

1. Continue policy as a paid-up policy for its face amount $ 8,000
   and draw profits in cash_____ $ 7,128
2. Continue policy as a paid-up policy for its face amount $_____.
   · and convert profits into a life annuity_____ $_____.
3. Surrender policy and draw entire cash value, consisting
   of guaranteed cash value, as above_____$6,096
   together with profits _____$7,128 $13,224
4. Surrender policy and convert entire cash value, con-
   consisting of guaranteed cash value as above together
   with the profits, into a paid-up life policy of_____ $16,304
   conditioned upon satisfactory examination_____
5. Surrender policy and convert its entire cash value,
   consisting of guaranteed cash value as above, together
   with the profits, into an annuity for life_____ $_____._
   
Lien deducted in any settlement.

J. M. Johnson.

Johnson admitted giving the writing to Withers, but testified that that part of the writing which follows the words, ''above values are guaranteed in policy,'' was simply an estimate, and that this was explained to Withers at the time. It is very evident from the paper itself that the figures above these words were guaranteed in the policy, and the fact that these words were put in the center of the paper is persuasive that the remainder of the paper was not guaranteed in the policy. But, however this may be, Withers accepted his policies when the company sent them to him. He could have told by the simplest inspection whether they conformed to the contract Johnson had made with him. He kept the policies until he brought this suit on October 17, 1906, or about seven years after the policies were delivered to him. He cannot now say that he has not accepted the policies, for he kept the policies and regularly paid the premiums. By the statute the policy is the sole measure of the company's liability. We

have held in several cases that nothing outside of the policy such as the application or other prior contract can be pleaded by the company to modify its liability under the contract. The statute is for the protection of both the company and the policy holder. Preliminary contracts previous to the issual of the policy can be shown by neither to defeat its operation. Manhattan Ins. Co. v. Myers, 109 Ky. 372, 59 S. W. 30; Providence Assurance Society v. Puryear, 109 Ky. 381, 59 S. W. 15; American Guild v. Wyatt, 125 Ky. 44, 100 S. W. 266; Metropolitan Life Ins. Co. v. Moore, 117 Ky. 651, 79 S. W. 219. The plaintiff cannot have relief under the special contract relied on because that was merged in the policies, and he cannot now have the policies corrected for fraud or mistake because the action is not brought within five years after the perpetration of the fraud or the making of the mistake, and after he knew or by ordinary diligence should have known it. He had the policies. He could have looked at them at any time. He cannot accept them, and, after keeping them for seven years, and after the time has expired within which he might have had the policies corrected for fraud or mistake, have relief in equity. To do this would be to encourage or reward supineness; and it would be to establish a rule that would destroy the value of written contracts.

Judgment reversed, and cause remanded for a judgment as above indicated.