## Jennings v. Fain.

(Decided November 16, 1928.)

Appeal from Jessamine Circuit Court.

1. Election of Remedies.—By filing amended petition alleging cause of action for fraud and deceit, which is purely in tort, plaintiff abandoned cause of action on contract for breach of warranty as

to acreage of land conveyed, and Court of Appeals cannot consider whether court erred in sustaining demurrer to original petition.

2. Appeal and Error.—Alleged error in ordering transfer of cause from equity to ordinary docket after second amended petition was filed is unavailing to plaintiff on appeal, where he made no objection to such order.

3. Trial.—Where amended petition, on which trial was exclusively had, stated no grounds for equitable relief, as did original petition praying specific performance of agreement to convey full acreage warranted or damages for breach of warranty, but stated only a common-law cause of action in tort for fraud and deceit, court properly transferred cause from equity to ordinary docket.

4. Trial.—It is the peculiar province of the jury to weight the testimony.

5. Evidence.—The jury is not bound by the preponderant number of witnesses testifying to a contested issue.

6. Appeal and Error.—Plaintiff not complaining, in his motion for new trial, that verdict for defendant was flagrantly against the evidence, cannot so insist on appeal.

7. Limitation of Actions.—Where deed of eight acres, described as included in subsequent deed to another, was of record in office of county court clerk at time of alleged fraudulent representations that they were included in latter deed, grantee's cause of action for fraud and deceit, set up in amended petition filed over five years after fraud was perpetrated, was barred by limitations.

8. Limitation of Actions.—Where grantee, put in possession of land when deed was executed, did not plead, nor introduce evidence of, any fact showing why he did not actually discover within five years that another person was owner and in possession of land fraudulently represented to be included in that conveyed, nor claim that he was prevented from doing so by any act of grantor, cause of action for fraud and deceit, set up in amended petition, was barred by limitations, independently of constructive notice of fraud by deed of record conveying omitted land to such other person.

L. SAUNDERS for appellant.

JOHN H. WELCH for appellee.

## Opinion of the Court by Judge Thomas—Affirming.

On April 20, 1920, the appellee and defendant below, George H. Fain, sold and conveyed to appellant and plaintiff below, J. H. Jennings, and one Howard Lane a tract of land in Jessamine county, the boundary of which, as set out in the deed, described 145 acres, but 5 acres was expressly excepted from that boundary as having theretofore been conveyed to others; thereby leaving 140 acres as the amount actually sold and conveyed in the

deed. Shortly thereafter Lane conveyed his undivided one-half interest to plaintiff, and he on February 23, 1927, filed this action against defendant, alleging in his petition that at the time of the conveyance defendant was not the owner of 8 acres described in the boundary as contained in his deed, but that another named person held title of record to that deficit, and that plaintiff not only lost the intrinsic value thereof, but that it was located along the banks of Little Hickman creek and destroyed plaintiff's access to that stream and deprived him from using its waters for stock purposes, and also that an ever-flowing spring was located on that 8 acres, and plaintiff was deprived of the benefit of it. It was also alleged that the warranty contained in the deed was thereby breached, and plaintiff prayed in the alternative: First, for a specific performance of the agreement to convey the full 140 acres, but if that could not be done then for damages on account of the breach of warranty of title to the 8 acres and which he fixed in the petition as amended at the sum of $2,000.

The court sustained defendant's demurrer filed thereto with leave to plaintiff to amend his petition, which he later did, but in it he relied on an entirely different cause of action from the one stated in his original and first amended petition. In his second amendment he alleged that before purchasing the land defendant and plaintiff, with others, went upon the tract, and defendant pointed out the boundary lines, one of which bordered on Little Hickman creek, and was one of the boundary lines contained in the deed, and also mentioned the spring above referred to, and that he fraudulently represented that the tract then being negotiated for ran to and was bounded by the lines so fraudulently represented and pointed out by him; that plaintiff relied upon such representations and subsequently purchased the tract, and he prayed for judgment against defendant for the sum of $2,000, the amount of the alleged damages sustained. The court then sustained the motion of defendant to transfer the cause from the equity to the ordinary docket, but the record discloses no objection or exception by plaintiff to that order.

The answer to the amended petition was a denial with a plea of the five years' statute of limitations as contained in section 2515 of our statutes. The reply to the second paragraph of the answer sought refuge under

section 2519 of the same statute, upon the ground that plaintiff did not discover the fraud relied on in his second amended petition within five years after the perpetration of the fraud, and that he could not have done so by the exercise of reasonable diligence. The rejoinder to that pleading denied the avoidance contained in it, and upon trial before a jury there was a verdict for defendants upon which judgment was rendered, and to reverse it plaintiff prosecutes this appeal.

Counsel for plaintiff directs almost his entire brief to an argument that (a), the court erred in sustaining the demurrer to the petition as based upon the warranty contained in the deed, and which, of course, was an action upon contract; and (b), the alleged error of the court in transferring the cause to the ordinary docket after the second amended petition was filed.

The error complained of in argument (a) is not before us on this appeal, since plaintiff, by filing his second amended petition, in which he alleged a cause of action based upon fraud and deceit practiced upon him by defendant (an action purely in tort), abandoned the cause of action contained in his pleadings to which a demurrer was sustained. If he had stood by his original pleadings and prosecuted his appeal from the court's denial of a recovery thereon, then the questions discussed in this argument would be properly before us for determination.

In the case of Symmes v. Rose, 113 S. W. 97 (not elsewhere reported), the precise question of practice presented by this record was before us. The petition in that case sought recovery for the violation of a contract and a demurrer was sustained to it. An amended petition relied on an entirely different cause of action, upon the final trial of which plaintiff lost, and on appeal to this court he relied upon the error of the court in sustaining the demurrer filed to his original petition. In overruling that contention we said:

> "We are of opinion that by his subsequent amendment appellant elected to abandon the ground of suit asserted in the original petition, and elected to try out his case on the claim of employment and for compensation as buying agent for appellee. If it be conceded that he stated a cause of action against appellee in the original petition, and that the circuit

court erred in sustaining the demurrer to it; appellant voluntarily abandoned that cause by asserting in the same action another cause of action inconsistent with the first. If both had been asserted in the original petition (as may in fact have been the purpose of the pleader), or if both had been asserted in the same action, one in the petition and the other in the amended petition, being inconsistent one with the other, the trial court should have required appellant to elect which of them he would prosecute. He did elect, by the practice he pursued, to stand upon the latter. Having lost that on the trial on the merits, he will not, on appeal, be heard to complain that the one he abandoned was his real cause of action, and that the court erred in its interlocutory rulings on the sufficiency of the pleading."

That opinion followed the general and well-established rule of practice, as will be seen from the text in 1 C. J. 1169, sec. 443, and it is in complete harmony with correct and proper pleading. As stated in the Symmes opinion, if plaintiff in this case had inserted in a second paragraph of his original petition the cause of action contained in his second amended petition, a motion to elect which cause of action he would prosecute would have been sustained, and if he made his election pursuant thereto, or, upon refusal, the court had elected for him, he would be in no condition to complain of any ruling of the court with respect to the cause of action that was abandoned by the election, and, a fortiori, he stands in no more favorable light on this appeal when he made his election without any motion or order of court requiring him to do so. It is therefore clear that this argument cannot be considered.

Argument (b) is equally unavailing to plaintiff for the two reasons: First, that he made no objection to the transferring order; and, second, if he had objected the court properly transferred the cause to the ordinary docket, since the amended petition, upon which the trial was exclusively had, contained no grounds whatever for any equitable relief, but only stated a common-law cause of action sounding in tort.

Plaintiff and other witnesses introduced by him testified to the alleged fraudulent representations relied on in the second amended petition, but they were flatly

denied by defendant, and the motion for a new trial made no complaint upon the ground that the verdict was flagrantly against the evidence. We have often said that it is the peculiar province of the jury to weigh the testimony, and that it was not bound by the preponderant number of witnesses testifying to a contested issue. So that, if the motion for a new trial had relied on the ground that the verdict was flagrantly against the evidence, we are not prepared to say that it should be sustained, but manifestly plaintiff cannot so insist on this appeal, when he did not do so in his motion for a new trial.

But, independently of such considerations, we are convinced that the plea of limitations furnished a complete bar to the cause of action relied on in the second amended petition, and which was the only one tried by the court. In the very recent case of Elkhorn Coal Corporation v. Hite, decided October 12, 1928, and reported in 9 S.W.(2d) 1083, we had before us for consideration and application the two sections supra of our statute of limitations, and we therein held, in conformity with numerous prior opinions, referred to therein, that when the cause of action was based upon fraud that was perpetrated more than five years before the filing of the action, it was incumbent upon plaintiff to both allege and prove, not only that he did not discover the fraud within the five years, but also that he could not have done so by the exercise of reasonable diligence. We furthermore held in that opinion that if a public record, required to be kept, contained refuting information of the alleged misrepresented fact or facts, then the one relying upon the fraud would have constructive notice thereof. In this case the deed conveying the title to the 8 acres, of which complaint is made, was of record in the office of the county court clerk of Jessamine county at the time of the alleged fraudulent representations relied on in plaintiff's second amended petition, and under the doctrine of the Hite opinion our limitations statute furnished a bar to that cause of action after the expiration of five years from the time the fraud was perpetrated. If, however, for any reason the constructive notice rule of that opinion would not apply to the facts of this case, then there still remains the fact that plaintiff was put in possession of the tract of land at the time the deed was executed, and, clearly, the slightest diligence on his part would have discovered to him the fact that another per-

son was the owner and in possession of the 8 acres about which he complains, but which was included, as we have hereinbefore said, in the described boundary of his deed. He claims not to have made such discovery until nearly seven years from the time the alleged fraud was perpetrated, and from the time he obtained his deed and was put in possession of the conveyed land. No fact is relied on by plaintiff, either in his pleading or in his testimony, furnishing any reason why he did not actually discover the fraud within five years; nor does he claim that he was in any manner prevented from doing so by any act on the part of defendant. We therefore conclude that, independently of any constructive notice of the fraud, plaintiff failed to prove his inability to discover the alleged fraud upon which he relies within the five-year period for the bringing of his action, and that the jury properly so found in its verdict.

Wherefore the judgment is affirmed.